Venkat Balasubramani, OSB #180446
venkat@focallaw.com
Stacia N. Lay, WSBA #30594 (*Pro Hac Vice*)
stacia@focallaw.com
Kimberlee Gunning, WSBA #35366 (*Pro Hac Vice*)
kim@focallaw.com
**FOCAL PLLC**
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Telephone: (206) 529-4827

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| A.M., an individual,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>OMEGLE.COM LLC,<br><br>　　　　　　　　Defendant. | Case No. 3:21-cv-01674-MO<br><br>**DEFENDANT OMEGLE.COM LLC'S REQUEST FOR JUDICIAL NOTICE** |

## L.R. 7-1(a) Certification

In compliance with Local Rule 7-1(a), undersigned counsel for Defendant Omegle.com LLC certifies that they conferred in good faith with Plaintiff's counsel via telephone conference prior to filing this Motion. During that conference, counsel for Plaintiff indicated that they do not oppose the Court's taking judicial notice of the existence of the policies described in this Motion but reserve all other objections, including but not limited to any objection regarding authenticity.

## MOTION

In this Motion, Defendant Omegle.com LLC requests that the Court consider the materials described herein in connection with Omegle's concurrently-filed Motion to Dismiss Plaintiff's Complaint based on (1) the incorporation by reference doctrine and (2) judicial notice under FED. R. EVID. 201.

## MEMORANDUM OF LAW

Defendant Omegle.com LLC ("Omegle") respectfully requests that the Court take judicial notice of the following materials submitted in support of its concurrently-filed Motion to Dismiss Plaintiff's Complaint:

1. the Omegle Terms of Service Agreement, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit A to the Declaration of Stacia N. Lay in Support of Defendant Omegle.com LLC's Request for Judicial Notice ("Lay Decl."));

2. the Omegle Community Guidelines, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit B to the Lay Decl.);

3. the Omegle Privacy Notice, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit C to the Lay Decl.); and

    4.    historical captures of the publicly-available Omegle website from 2014 through 2021 obtained from the Internet Archive's "Wayback Machine," available at archive.org (attached as Exhibits D-M, and capture information provided in Exhibit N, to the Lay Decl.).

As discussed below, these materials may be considered in connection with Omegle's Motion to Dismiss because they are (1) incorporated by reference in Plaintiff's Complaint and (2) properly the subject of judicial notice.

## DISCUSSION

Although as a general rule, the Court does not consider materials not included in or attached to the pleadings in deciding a Rule 12 motion, it "may consider documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Parziale v. HP, Inc.*, No. 5:19-cv-05363-EJD, 2020 U.S. Dist. LEXIS 179738, *6 (N.D. Cal. Sept. 29, 2020) (internal quotation marks omitted); *see also Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1188 (D. Or. 2015) (same). Under FED. R. EVID. 201(b) and (c), the Court "must" take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and the Court "is supplied with the necessary information."

### I.    The Current Terms of Service Are Incorporated In, And Integral to, the Complaint

Courts in the Ninth Circuit routinely consider terms of service either based on the incorporation by reference doctrine or judicial notice under FED. R. EVID. 201. For example, where, as here, the complaint quotes from terms of service or one or more of the plaintiff's claims are based on terms of service, courts have considered the terms under the incorporation by reference doctrine. *See, e.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813-14

(N.D. Cal. 2020) (finding that terms of service and privacy policy were properly incorporated by reference on motion to dismiss where they formed the basis of two of plaintiffs' claims); *King v. Facebook, Inc.*, No. 19-cv-01987-WHO, 2019 U.S. Dist. LEXIS 209247, *3, n.5 (N.D. Cal. Dec. 3, 2019) (finding terms of use incorporated by reference "as the basis for [plaintiff's] breach of contract claim"); *UAB "Planner5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 U.S. Dist. LEXIS 203618, *6 n.2 (N.D. Cal. Nov. 21, 2019) (taking judicial notice of terms of service on motion to dismiss where plaintiff "quote[d] from the Terms of Service throughout its Complaint").

    Here, Plaintiff quotes at length from the current version of the Omegle Terms of Service Agreement in her Complaint. (*See* Dkt. 1 at ¶ 36.) Moreover, in the negligent misrepresentation claim, Plaintiff alleges that "Omegle made statements in its Terms of Service" which allegedly provided "assurances from Omegle that it would enforce its user policies". (Dkt. 1 at ¶¶ 144-145.) The Complaint further alleges that those "statements" or "assurances" made in the Terms of Service were alleged misrepresentations upon which Plaintiff relied. (Dkt. 1 at ¶¶ 145, 151; *see also* Dkt. 1 at ¶¶ 35, 75, 151 (also referencing Omegle's "community standards," privacy notice, and "policies").) Therefore, because Plaintiff quotes at length from the current Omegle Terms of Service in her Complaint and at least one of her claims – the negligent misrepresentation claim – is based on them, the Court may properly consider the Terms of Service (as well as the other Omegle "policies" alluded to in the Complaint) in connection with Omegle's Motion to Dismiss under the incorporation by reference doctrine. *See DotStrategy, Co. v. Twitter Inc.*, 476 F. Supp. 3d 978, 980 n.1 (N.D. Cal. 2020) (finding Twitter's Advertising Terms incorporated by reference where the complaint "implicates the parties' rights and duties" under those terms).

**II.      Courts Routinely Take Judicial Notice of the Wayback Machine Website Archives**

Additionally, the Court may properly take judicial notice of archived copies of the Omegle website, and specifically the iteration of the terms published at times relevant to the allegations in the Complaint, available via the Internet Archive's Wayback Machine. Courts in the Ninth Circuit (and elsewhere) routinely take judicial notice of the content of web pages available from the Wayback Machine "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 U.S. Dist. LEXIS 87417, *4 n.1 (N.D. Cal. July 6, 2015); *see also Alan v. Ige*, No. 21-00011 SOM-RT, 2021 U.S. Dist. LEXIS 164694, *6, n.1 (D. Haw. Aug. 31, 2021) (finding court may take judicial notice of press releases on website, "even if they are currently only available through the Internet Archive's Wayback Machine"); *Gardiner v. Walmart Inc.*, No. 20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, *25, n.2 (N.D. Cal. Mar. 5, 2021) (noting that courts "have routinely taken judicial notice of contents of web pages available through the Wayback Machine"); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (following "the lead of the overwhelming number of courts that have . . . take[n] judicial notice of the contents of WayBack Machine evidence" and collecting cases).

Here, Plaintiff alleges use of Omegle's website dating back to "[i]n or about 2014". (*See* Dkt. 1 at ¶ 39.) The Complaint also contains images of, and makes reference to, various iterations of the Omegle website and the disclaimers, policies and statements made on the site at various times. (*See, e.g.*, Dkt. 1 at ¶¶ 22, 26, 28, 29, 35, 38, 65, 69, 75.) Plaintiff also claims that "[a]t all relevant times" – which presumably means the 2014 – 2018 time period during which the alleged activities occurred – Omegle allegedly made representations in its Terms of Service upon which Plaintiff claims to have relied. (*See* Dkt. 1 at ¶¶ 36, 144, 151.)

Under these circumstances, it is appropriate, and well within the Court's discretion, to take judicial notice of the archived copies of the Omegle publicly-available website from the Wayback Machine during the time periods identified in the Complaint. *See, e.g.*, *Gardiner*, 2021 U.S. Dist. LEXIS 75079 at *25, n.2 (taking judicial notice of iterations of Walmart.com's Terms of Use with effective dates spanning the class period at issue that were available via the Wayback Machine); *Parziale*, 2020 U.S. Dist. LEXIS 179738 at *7-8 (taking judicial notice of the online store page for the printer at issue as available on the Wayback Machine, as plaintiff referred to the page throughout the complaint and alleged reliance on information contained on the page); *In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (taking judicial notice of Facebook's 2013 Data Policy available via the Wayback Machine where the policy was "implicitly referenced throughout" and was a central theme of the complaint, and it would therefore be "unfair" to suppress the policy).

## CONCLUSION

Based on the foregoing, Omegle respectfully requests that the Court take judicial notice of, and consider under the incorporation by reference doctrine, the following materials:

1.  the Omegle Terms of Service Agreement, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit A to the Lay Decl.);

2.  the Omegle Community Guidelines, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit B to the Lay Decl.);

3.  the Omegle Privacy Notice, last updated June 1, 2021, published on the publicly-available Omegle website (attached as Exhibit C to the Lay Decl.); and

4. historical captures of the publicly-available Omegle website from 2014 through 2021 obtained from the Internet Archive's "Wayback Machine," available at archive.org (attached as Exhibits D-M to the Lay Decl.).

Dated this 18th day of January, 2022.   Respectfully submitted,

FOCAL PLLC

By: s/ *Stacia N. Lay*
Venkat Balasubramani, OSB #180446
Stacia N. Lay, WSBA #30594 (*Pro Hac Vice*)
Kimberlee Gunning, WSBA #35366 (*Pro Hac Vice*)
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Telephone: (206) 529-4827
venkat@focallaw.com
stacia@focallaw.com
kim@focallaw.com

*Attorneys for Defendant Omegle.com LLC*