Venkat Balasubramani, OSB #180446
venkat@focallaw.com
Stacia N. Lay, WSBA #30594 (*Pro Hac Vice*)
stacia@focallaw.com
Kimberlee Gunning, WSBA #35366 (*Pro Hac Vice*)
kim@focallaw.com
**FOCAL PLLC**
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Telephone: (206) 529-4827

Clifford S. Davidson, OSB #125378
csdavidson@swlaw.com
**SNELL & WILMER, LLP**
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone: (503) 624-6800

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| A.M., an individual, <br><br> Plaintiff, <br><br> v. <br><br> OMEGLE.COM LLC, <br><br> Defendant. | Case No. 3:21-cv-01674-MO <br><br> **DEFENDANT OMEGLE.COM LLC'S MOTION TO STAY DISCOVERY** |

<u>**L.R. 7-1(a) Certification**</u>

In compliance with Local Rule 7-1(a), undersigned counsel for Defendant Omegle.com LLC certifies that they conferred in good faith with Plaintiff's counsel via telephone conference prior to filing this Motion but the parties were unable to agree on the issues raised herein.

**MOTION**

Defendant Omegle.com LLC respectfully requests that the Court stay discovery until after the pleadings are closed in this case.

**MEMORANDUM OF LAW**

Omegle requests that the Court exercise its discretion and stay discovery in this case until the scope and number of Plaintiff's claims (and the legal standards applicable to those claims) are confirmed. Not only is Omegle's motion to dismiss the current iteration of Plaintiff's complaint still pending, but Plaintiff has also requested further leave to amend her complaint in her response to that motion. (*See* Dkt. 34 at 33.) Staying discovery until the pleadings have closed may reduce (or eliminate) the need for extensive discovery motion practice and the significant costs associated with discovery more generally, as changes to the content of the complaint would in turn affect the scope of discovery. A discovery stay is also consistent with FED. R. CIV. P. 26(b)(1)'s mandate that discovery be "proportional to the needs of the case[.]"

**PROCEDURAL BACKGROUND**

Plaintiff's original complaint in this case included eight claims for relief: two product liability claims pled as strict liability claims ("Product Liability – Defect in design" and "Product Liability – Defect in Warning"); two product liability claims pled as negligence claims ("Negligent Design" and "Negligence-Failure to Warn"); a claim for violation of 18 U.S.C. § 2421A; a claim for violation of the Trafficking Victims Protection Act,

MOTION TO STAY DISCOVERY                    1

18 U.S.C. § 1595 ("TVPA"); a claim for violation of ORS 30.867; and a claim for negligent misrepresentation. (Dkt. 1.) The Court denied Omegle's motion to dismiss the four product liability claims as barred by Section 230, dismissed the TVPA and negligent misrepresentation claims without prejudice, and dismissed the remainder of Plaintiff's claims with prejudice. (Dkt. 28.)[1] Plaintiff then filed a First Amended Complaint ("FAC") which included the same four product liability claims and an amended TVPA claim. (*See* Dkt. 29.) Omegle has moved to dismiss the FAC pursuant to FED. R. CIV. P. 12(b)(6) ("Motion to Dismiss"). (Dkt. 33.) The Motion to Dismiss is fully briefed and is set for hearing on August 4, 2022. (Dkt. 37.)

The Motion to Dismiss seeks dismissal of the FAC on three grounds, all of which present questions of law.[2] First, with respect to the TVPA claim, Omegle argues that the FAC fails to plausibly allege that Omegle knowingly violated 18 U.S.C. § 1591, as is required to state a TVPA claim. (Dkt. 33 at 7-22.) As the Court recognized in the Opinion and Order, the parties' dispute as to the sufficiency of the FAC's TVPA allegations ultimately turns on statutory interpretation, a question of law. (*See* Dkt. 36 at 11 (explaining that arguments regarding the TVPA's mens rea requirements "present[ ] a question of statutory interpretation").)

Second, with respect to the four product liability claims, the Motion to Dismiss argues that these claims should be dismissed as a matter of law because Omegle's online chat service – made available via its website – is not a "product" for purposes of Oregon's product liability law, an issue of law the Court can resolve on a Rule 12(b)(6) motion. *See Ass'n of Unit Owners of Bridgeview Condos v. Dunning*, 187 Or. App. 595, 615, 69 P.3d 788 (2003) ("*Dunning*")

---

[1] The Court's May 3, 2022 Minute Order on Omegle's motion to dismiss was followed by a written Opinion and Order, filed July 13, 2022. (Dkt. 36 ("Opinion and Order").)
[2] Omegle's arguments are fully detailed in the Motion to Dismiss (Dkt. 33) and Omegle's reply brief in support of the Motion to Dismiss (Dkt. 35). Omegle summarizes those arguments here only as necessary for the Court to rule on the instant motion.

(explaining that "[w]hether something is a 'product' within the meaning of [Oregon's product liability] statute is a question of law").

Third, Omegle's Motion to Dismiss alternatively moves for dismissal of the four product liability claims because Oregon product liability law bars relief for emotional distress damages when there is no accompanying physical harm or physical impact, *e.g.,* contact with the alleged product. *See, e.g., Cochran v. Burlington Coat Factory of Or., LLC*, No. 10-CV-6016-TC, 2010 U.S. Dist. LEXIS 101268, *4-5 (D. Or. Aug. 25, 2010) ("Oregon's product liability statutes . . . prohibit recovery for mental distress when there is no physical harm or physical impact"), *findings & recommendations adopted by* 2010 U.S. Dist. LEXIS 101267 (D. Or. Sept. 19, 2010).

Plaintiff's response to the Motion to Dismiss includes a request for leave to amend (*see* Dkt. 34 at 33), as well as a backdoor attempt to amend her complaint in her response brief by reframing her negligence-based product liability claims as claims for negligent infliction of emotional distress (*see id.* at 20-27). Omegle's position is that amendment of Plaintiff's remaining claims would be futile. (*See* Dkt. 35 at 25-26.) However, in the event that the Court grants the Motion to Dismiss without prejudice as to any or all of Plaintiff's remaining claims, Omegle retains the right to seek dismissal of a second amended complaint pursuant to FED. R. CIV. P 12(b)(6).

On July 5, 2022, pursuant to the Court's scheduling order (Dkt. 31), the parties held a Rule 26(f) conference (*see* Dkt. 38 at 1). With respect to the conduct and timing of discovery, Omegle's position was that discovery should be stayed until the Court rules on the Motion to Dismiss. (*Id.* at 2.) Plaintiff disagreed. (*Id.*) After consultation with the Court as to the appropriate means for resolving this dispute, and following the Court's directive that the party

MOTION TO STAY DISCOVERY                3

seeking the stay should file a short motion, Omegle files this motion. Given Plaintiff's request for leave to amend in her opposition to the Motion to Dismiss, and recognizing the possibility that the Court's ruling on the Motion to Dismiss could result in Plaintiff filing a second amended complaint, which in turn could result in Omegle filing a FED. R. CIV. P. 12(b)(6) motion to dismiss that pleading, Omegle moves the Court to stay discovery until the pleadings have closed.

Nearly two weeks after the Rule 26(f) conference, Plaintiff served 29 requests for production and 16 interrogatories on Omegle. (Declaration of Kimberlee Gunning in Support of Defendant Omegle.com LLC's Motion to Stay Discovery ¶ 2, Exs. A, B ("Discovery Requests").)

**ARGUMENT**

I.    **Legal Standard**

District courts have "wide discretion in controlling discovery" pending resolution of a potentially dispositive motion. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[T]he Federal Rules of Civil Procedure do not provide any standards to be utilized with respect to stays of discovery when a potentially dispositive motion is pending." *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-0580-AC, 2016 U.S. Dist. LEXIS 163546, *14 (D. Or. Nov. 28, 2016) (citation and internal quotation marks omitted). Nor has the Ninth Circuit "articulated a controlling standard[.]" *Id.* at *15; *see also Nguyen v. BMW of N. Am. LLC*, No. 20CV2432, 2021 U.S. Dist. LEXIS 105585, *5 (S.D. Cal. June 4, 2021) ("The Ninth Circuit has not established a clear standard for deciding whether to stay discovery when a potentially dispositive motion is pending.").

Notwithstanding the lack of a clear standard, Ninth Circuit district courts, including courts in this District, commonly grant discovery stays until the pleadings are fully and finally

closed. *See, e.g., Swingo v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1154 (D. Or. 2018) (granting in part and denying in part motion to dismiss amended complaint and dismissing certain claims without prejudice; finding that "[i]n light of the broad scope of matters for Plaintiff to address in her next amended complaint as a result of this Opinion and Order, the Court finds proceeding with discovery is not viable" and "strik[ing] all existing case-management and discovery deadlines" and "stay[ing] discovery."); *Cammon v. Wash. Cty. Jail*, No. 3:12-cv-00339-MO, 2012 U.S. Dist. LEXIS 68570, *9 (D. Or. May 15, 2012) (granting motion to dismiss without prejudice and staying discovery "until plaintiff files an amended complaint and defendant has responded"); *O'Neal v. Or. Dep't of Justice, Div. of Child Support*, No. 3:15-CV-00773-SI, 2015 U.S. Dist. LEXIS 120378, *7 (D. Or. Sept. 10, 2015) (granting motion to stay discovery in light of plaintiff's leave to file an amended complaint, staying discovery "until Defendant files an answer to any amended complaint or the Court resolves in Plaintiff's favor any Rule 12 motion on any amended complaint").

In *Ciuffitelli*, the court concluded that while the Ninth Circuit standard for discovery stays pending resolution of dispositive motions was unclear, "dicta from the [Ninth Circuit's] cases provides a measure of guidance." 2016 U.S. Dist. LEXIS 163546 at *15. For example, a discovery stay "may be appropriate if the pending dispositive motion does not raise fact issues." *Id.* at *15-16 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)). The *Ciuffitelli* court found that a "case-specific inquiry framed by a set of relevant factors" was appropriate, and considered the following factors:

> "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stay of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances."

*Ciuffitelli*, 2016 U.S. Dist. LEXIS 163546 at *17 (quoting *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995)). In addition, the court explained that FED. R. CIV. P. 26(b)(1)'s requirement "that discovery now must be 'proportionate to the needs of the case,' necessarily affects the determination of whether a discovery stay should be granted pending determination of a dispositive motion" and that "[f]or Rule 26(b)(1)'s proportionality mandate to be meaningful, *it must apply from the onset of a case*." *Id.* at *18 (citation omitted and emphasis added). If a court applies the proportionality standard "only after motion practice establishes the viability of the parties' claims or defenses," the purpose of that mandate is "thwart[ed.]" *Id.*

II.     **A Discovery Stay Is Appropriate In This Case Until The Pleadings Have Closed.**

Applying the relevant factors adopted by the *Ciuffitelli* court to the circumstances here confirms that a discovery stay is appropriate and consistent with FED. R. CIV. P. 26(b)(1)'s proportionality mandate. First, while the pending Motion to Dismiss challenges "the legal viability" as well as the "sufficiency of the allegations" of Plaintiff's remaining claims, ultimately it is the legal standards applicable to Plaintiff's claims that are in dispute. As in *Ciuffitelli*, the pending Motion to Dismiss is "potentially dispositive" of Plaintiff's remaining claims "or could result in Plaintiff[] being required to amend [her] complaint." *See Ciuffitelli*, 2016 U.S. Dist. LEXIS 163546 at *20, 23 ("Comparing the motions and the First Amended Complaint, there is a reasonable possibility that the [defendants'] motions to dismiss will affect the content of Plaintiff's First Amended Complaint."). Moreover, "the [C]ourt's ruling on the motion[ ] to dismiss could alter the facts and legal theory upon which the [FAC] is based. *Id.* at *19. Staying discovery is appropriate when a pending dispositive motion "would affect the content of [a] plaintiff's amended complaint" and the "subsequent scope of discovery." *Ir. v.*

*Bend Neurological Assocs. Llc*, No. 6:16-cv-02054-JL, 2017 U.S. Dist. LEXIS 233216, *5 (D. Or. May 8, 2017). To permit discovery while the pleadings are still in flux is inefficient and a waste of both the parties' and the Court's resources.

Second, while there is only one defendant and no counterclaims or cross-claims are present, this case, like most product liability cases, is not a run-of-the-mill tort case, but one which, if not dismissed in its entirety, will likely lead to, at minimum, extensive discovery motion practice regarding the scope of discovery, and, depending on the outcome of such motions, potentially expensive and time-consuming discovery of ESI. The 45 Discovery Requests Plaintiff served are overbroad on their face.[3] Some of the Discovery Requests seek information going back 13 years. (*See* Gunning Decl. Ex. A (RFP Nos. 17, 19, 21, 22), Ex. B (Interrogatory Nos. 12-13).) Several requests for production seek "[a]ll documents, meeting notes, and correspondences related to" very broad topics without temporal limitations. (*See* Gunning Decl. Ex. A (RFP Nos. 24-29).) For example, Request for Production No. 28 requests "[a]ll documents, meeting notes, and correspondences related to selecting third-party advertisements on Omegle." (Gunning Decl. Ex. A (RFP No. 28).) Other requests are similarly broad (and of dubious relevance), seeking, *inter alia*, "[a]ll applications and draft applications for intellectual property, including trademark and patents" and "[a]ll documents pertaining to intellectual property disputes regarding Omegle." (Gunning Decl. Ex. A (RFP Nos. 5-6).)

---

[3] By discussing certain general objections to the Discovery Requests for purposes of this motion, Omegle is not waiving its right to raise other objections to the Discovery Requests should the Court deny this Motion. Further, by only referencing certain of the requests as examples of the Discovery Requests' broad scope, Omegle is not waiving the right to object to other of the Discovery Requests. Indeed, to delve into Omegle's specific objections to each and every Discovery Request in this Motion would be contrary to the purpose of this Motion, which requests the Court to stay discovery as disproportionate to the needs of this case at this procedural juncture.

Moreover, regardless of the overbreadth of Plaintiff's discovery requests, Omegle should not be required to undertake the significant cost and efforts associated with discovery – including searching for, reviewing, redacting, and producing documents and ESI, and engaging in discovery motion practice – unless and until Plaintiff can state a plausible claim against Omegle, and until the pleadings are no longer in flux and the scope of relevant discovery is more certain. *See Bend Neurological Assocs.*, 2017 U.S. Dist. LEXIS 233216 at *5.

Third, this case is still at the initial stage of litigation, with the pleadings not yet closed. No trial date has been set, the discovery cutoff is nearly six months away, and should the Court's ruling on the Motion to Dismiss result in Plaintiff filing a second amended complaint, Omegle will timely respond to that pleading, either by answer or a Rule 12(b)(6) motion, and thereby keep this action moving forward. There is no reason to permit the unbounded discovery that Plaintiff seeks to impose at this stage of the litigation and the Court should exercise its discretion to stay discovery until the pleadings have closed.

Finally, proportionality – which *Ciuffitelli* explained was "a consideration which falls within [the] 'other relevant circumstances' factor[ ]" – tips the scale in favor of a discovery stay. Staying discovery until the scope and number of Plaintiff's claims are confirmed (or, potentially, dismissed in their entirety) supports Rule 26(b)(1)'s "mandate for a renewed consideration of the time and money litigants must spend on discovery." *Ciuffitelli*, 2016 U.S. Dist. LEXIS 163546 at *28. As noted above, the time and money that could potentially be expended on discovery in this case is substantial. Further, a discovery stay will avoid "the risk that the merits of claims or defenses will be decided in the context of discovery motions[.]" *Id.* at *29.

## CONCLUSION

Therefore, for the foregoing reasons, Omegle respectfully requests that discovery be stayed until the pleadings have closed.

Dated this 22nd day of July, 2022.                    Respectfully submitted,

| | |
|---|---|
| FOCAL PLLC | SNELL & WILMER, LLP |
| By: s/ *Kimberlee Gunning*<br>    s/ *Stacia N. Lay*<br>Venkat Balasubramani, OSB #180446<br>Stacia N. Lay, WSBA #30594 (PHV)<br>Kimberlee Gunning, WSBA #35366 (PHV)<br>900 1st Avenue S., Suite 201<br>Seattle, Washington 98134<br>Telephone: (206) 529-4827<br>venkat@focallaw.com<br>stacia@focallaw.com<br>kim@focallaw.com | By: s/ *Clifford S. Davidson*<br>Clifford S. Davidson, OSB #125378<br>1455 SW Broadway, Suite 1750<br>Portland, Oregon 97201<br>Telephone: (503) 624-6800<br>csdavidson@swlaw.com |

*Attorneys for Defendant Omegle.com LLC*

MOTION TO STAY DISCOVERY                    9