```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF OREGON

 3    A.M., an individual,        )
                                  )
 4           Plaintiff,           )   Case No. 3:21-cv-01674-MO
                                  )
 5       v.                       )
                                  )
 6    OMEGLE.COM LLC,             )   December 6, 2022
                                  )
 7           Defendant.           )   Portland, Oregon
      _____)

 8

 9

10

11

12

13

14                     Oral Argument

15              TRANSCRIPT OF PROCEEDINGS

16       BEFORE THE HONORABLE MICHAEL W. MOSMAN

17       UNITED STATES DISTRICT COURT SENIOR JUDGE

18

19

20

21

22

23

24

25
```

```
 1
 2                          APPEARANCES
 3
 4   FOR THE PLAINTIFF:      Ms. Carrie Goldberg
                             Ms. Naomi E. Leeds
 5                           C.A. Goldberg, PLLC
                             16 Court Street, 33rd Floor
 6                           Brooklyn, NY 11241
 7
 8                           Ms. Barbara C. Long
                             Vogt & Long PC
 9                           101 S.W. Main Street, Suite 1900
                             Portland, OR 97204
10
11
12   FOR THE DEFENDANT:      Ms. Kimberlee Gunning
                             Ms. Stacia Lay
13                           Mr. Venkat Balasubramani
                             Focal PLLC
14                           900 1st Avenue South, Suite 201
                             Seattle, WA 98134
15
16
17
18   COURT REPORTER:         Bonita J. Shumway, CSR, RMR, CRR
                             United States District Courthouse
19                           1000 S.W. Third Avenue, Room 301
                             Portland, OR 97204
20                           (503)326-8188
                             bonita_shumway@ord.uscourts.gov
21
22
23
24
25
```

```
1                    (P R O C E E D I N G S)

2               (December 6, 2022; 1:31 p.m.)

3                         * * * * *

4          THE COURTROOM DEPUTY:  We are here this afternoon for

5     oral argument in Case No. 3:21-cv-1674-MO, A.M. versus

6     Omegle.com LLC.

7          Counsel, please state your name for the record,

8     beginning with plaintiff.

9          MS. GOLDBERG:  Carrie Goldberg, attorneys for

10    Plaintiff A.M.  Good afternoon, Your Honor.

11         THE COURT:  Good afternoon.

12         MS. LEEDS:  Naomi Leeds, plaintiff -- or attorney for

13    Plaintiff A.M.

14         MS. LONG:  Barbara Long, also on behalf of plaintiff.

15         THE COURT:  Thank you.

16         MS. GUNNING:  Good morning -- or excuse me, good

17    afternoon, Your Honor.  Kimberlee Gunning for the defendant

18    Omegle.

19         MS. LAY:  Stacia Lay for the defendant.

20         MR. BALASUBRAMANI:  Venkat Balasubramani also for

21    defendant.

22         THE COURT:  Thank you all for being here.

23         I thought I'd start with my tentative views on this

24    case so that you could direct your arguments accordingly.

25    There are six claims at issue.  As to Claims 1 through 4, there
```

1    are important and interesting substantive arguments, but

2    plaintiff also raises a procedural argument grounded in Rule

3    12(g)(2), and that is a simple proposition, which is in a

4    successive motion like this one, it forbids raising arguments

5    that could have been raised earlier.  And it seems pretty clear

6    to me that these all could have been raised earlier.  I know

7    the temptation is to say, well, I'd just punt this problem to

8    another day, but as it turns out, that's not quite what happens

9    when Rule 12(g)(2) is enforced.  It punts it to a different

10   posture -- summary judgment -- and one in which it's frequently

11   a better posture for resolving important questions.

12            But in any event, as Justice Scalia was once fond of

13   saying, "The rule of law is the law of rules," and there it

14   sits, codified as law in Rule 12(g)(2).  I think it applies to

15   Claims 1 through 4 such that I would deny the motion to dismiss

16   them.

17            Claim 5 has the advantage of a recent Ninth Circuit

18   decision in the *Reddit* case.  That sets forth what I call the

19   mens rea standard -- sort of a mens rea standard at least for

20   claims like this one.  In my view, my tentative view, the

21   complaint, even in its most recent iteration, doesn't come

22   close to meeting the *Reddit* standard.  I'd be inclined to

23   dismiss Claim 5.  And because there's been opportunities to

24   plead more than once, I would be inclined to dismiss it with

25   prejudice.

1              Claim 6 is, in my view, the closest call of all of
2    them, and so it's a close call on whether the complaint states
3    a claim adequately for relief.  Standing alone on its own, I
4    think my view is that it survives a motion to dismiss barely.
5    I'll be candid that since the facts and issues tied up in Claim
6    6 are very similar to the facts and issues tied up in Claims 1
7    through 4, then it seems foolhardy to dump Claim 6 when I'm
8    going to go ahead with Claims 1 through 4, since it just
9    creates, you know, an opportunity for error that isn't
10   necessary, since we can easily take up Claim 6 at the time we
11   take up Claims 1 through 4.  So my own tentative view, although
12   I view it as a very close call, is to deny the motion to
13   dismiss on Claim 6.
14             Those are my tentative views.  Let's start with 1
15   through 4, and I just will typically not turn to the moving
16   party but the party sort of against whom my tentative comments
17   go, and that will be the defense in this case.
18             So Ms. Gunning.
19             MS. GUNNING:  Thank you, Your Honor.
20             As you saw from the briefing, Omegle's position is
21   that the Ninth Circuit standard with respect to this procedural
22   issue is focused on whether the subsequent motion to dismiss
23   was brought for an improper purpose and the interests of
24   efficiency, and in this case the rules, at least in Omegle's
25   reading, is that Omegle could still have the opportunity to

1    file a Rule 12(c) motion even if those issues relating to

2    Claims 1 through 4 were not considered on a 12(b)(6) motion.

3    And in this case, the plaintiff hasn't identified any improper

4    purpose and has not identified any inefficiencies.

5            THE COURT:  All right.  Thank you very much.

6            For the plaintiff?

7            MS. GOLDBERG:  The issue of whether Omegle is a

8    product or a service is not an obscure one, and it's not one

9    that would have been unknown to defendants at the time that

10   they brought their original motion to dismiss.  Our client is

11   prejudiced by any delay.  Her harms transpired years ago, and

12   every day that we wait for her to get her day in court is

13   prejudicial to her.  We've had to delay discovery because of

14   this additional set of briefing, and it's burdensome for us to

15   have to relitigate an issue that Your Honor seemed to have

16   decided.

17           That said, if we want to discuss the merits, we're

18   here to do that and we can.

19           THE COURT:  Thank you.  I don't feel the need to

20   discuss the merits on Claims 1 through 4.  I think the

21   procedural argument is valid.

22           Efficiency is an interesting question.  I'm not

23   looking -- I'm not suggesting there's something professionally

24   improper in bringing this motion, but I think the Court ought

25   to be wary of picking up an issue that was, I think, obvious in

1   the first go-around, and that at least I would say sort of

2   systemically, if not individually to a particular case, raises

3   concerns about gamesmanship.

4       More fundamentally, efficiency is fostered, again,

5   systemically -- and that's what I think the rule cares about --

6   when things are litigated once not twice.  Here to reward the

7   defense with picking up even the merits, let alone a victory on

8   the merits on a motion that easily and obviously could have

9   been brought earlier is functionally inefficient.  So I deny

10  the motion to dismiss Claims 1 through 4.

11      As to Claim 5, I said that the Ninth Circuit's

12  decision in *Reddit*, specifically *Does 1 through 6 v. Reddit*,

13  runs against plaintiff, and I'd be inclined to dismiss it with

14  prejudice.

15      Do you wish to be heard further on that?

16      MS. GOLDBERG:  Yes, Your Honor.

17      THE COURT:  Go ahead.

18      MS. GOLDBERG:  In *Jane Doe v. Reddit*, the judge said,

19  "The dispute in this case is whether the availability of

20  FOSTA's immunity is contingent on a plaintiff proving that a

21  defendant-website's own conduct -- rather than its user's

22  conduct -- resulted in a violation of 1591."

23      And the Court said yes, the violation must be for the

24  defendant-website's own conduct and not a user's.

25      But 1595 provides for two different types of

trafficking liability.  It provides situations where the defendant-website is actively engaged in the sex trafficking venture, and then the second type, which played out in *Reddit*, where the defendant-website benefited from others engaging in sex trafficking.

In our claim which we plead, we are seeking direct liability not just beneficiary liability like we saw in *Reddit*. We're saying not just that Omegle benefited from the trafficking in terms of users being attracted to the website and them making advertising revenue off of that, but they actually actively engaged in sex trafficking, and our complaint is dense with examples of their engagement in it and their knowledge of the trafficking.

THE COURT:  Separate from knowledge, what conduct or participation by the website do you allege in a sex trafficking venture?

MS. GOLDBERG:  Well, they offered their product to people 13 and up, as well as adults.  They randomly matched children with adults.  They sought no age information to keep the population separated.  They said that their video streaming is unmoderated.  They removed the typical social media safety measures like name, registration, age verification, social media verification.  They made it so that users are untraceable.  They encouraged users, including their child users, to talk to strangers.  They directly distributed their

1    product to remove -- they directly distributed their product

2    rather than an app for download to remove another layer of how

3    law enforcers could track down abusers.  They advertised

4    pornography to children and to adults, creating a sexual

5    environment, and they tried to bind children to an agreement

6    with their terms of service that Omegle was not responsible for

7    the folks who inevitably will behave inappropriately.

8             THE COURT:  Thank you very much.

9             Your response?

10            MS. GUNNING:  Thank you, Your Honor.

11            First, just very briefly to address the beneficiary

12   allegations.  Even the amendments to the complaint don't

13   satisfy the standards set forth in *Reddit* and which requires

14   that the party itself engage in knowing behavior so as to

15   satisfy 1591.

16            Going to --

17            THE COURT:  You said you were going to discuss the

18   benefit portion and then you discussed the mens rea.  So what

19   is wrong with the complaint's recitation of benefits to your

20   client under *Reddit*?

21            MS. GUNNING:  Under *Reddit*, Your Honor, there's a

22   requirement that the pleading be specific to the venture, that

23   the defendant itself benefit from the venture, and there are

24   very general allegations in the complaint but nothing specific

25   to a venture involving Mr. Fordyce.

1        THE COURT:  I'm just trying to get at your point that

2   you stated you were about to make.  You said you were going to

3   tell me something weak about the complaint in the way it

4   discusses benefit.  I'm assuming that if the complaint is

5   otherwise satisfactory and alleges a venture in which your

6   client participates -- that is, rife with sex trafficking of

7   minors -- that if that's all true, then it adequately alleges

8   that your client received a benefit, a financial benefit from

9   this.

10       Is there something wrong with the complaint's

11  recitation of your client receiving a benefit as opposed to

12  your client's direct participation in the venture, or are you

13  only focusing on your client's direct participation in the

14  venture?

15       MS. GUNNING:  No, both, Your Honor.

16       THE COURT:  So what's wrong with the complaint's

17  description of your client directly receiving a benefit?

18  What's missing?

19       MS. GUNNING:  Well, there's no -- there's no

20  allegation that, again, ties receipt of a benefit or even

21  direct participation in any behaviors specifically involving --

22       THE COURT:  I'm just trying to understand your

23  argument, because when you give me a label, I run with it, and

24  you keep telling me you're going to talk about benefit, but

25  you're really just talking about a lack of direct

1  participation.  And if there's no direct participation, then

2  the money your client gets isn't a benefit, but if there is

3  direct participation, then the money your client gets is a

4  benefit.  Right?

5          MS. GUNNING:  If the --

6          THE COURT:  So your real problem you want me to focus

7  on is the lack of your client's direct participation, correct?

8          MS. GUNNING:  Direct participation, yes.

9          THE COURT:  So what's wrong -- you heard the

10  recitation of what plaintiff believes it has alleged to show

11  your client's involvement beyond a mere turning a blind eye.

12  So what's missing from that recitation in light of *Reddit*?

13          MS. GUNNING:  What's missing from that recitation is

14  again anything that is specifically tied to the plaintiff in

15  this case, Your Honor.

16          And I just want to correct -- and I apologize.

17  Earlier when I said "benefit," I meant to say "beneficiary."  I

18  can understand that what I said was unclear, and I apologize

19  for that.

20          But again, looking at this complaint in light of

21  *Reddit*, nothing has been added to it that satisfies the

22  standard that is now the standard in the Ninth Circuit.

23          THE COURT:  And you contend the standard is that your

24  client has to have participated directly in the specific

25  conduct against the specific plaintiff?

1      MS. GUNNING:  Well, a venture with Mr. Fordyce, yes.

2      THE COURT:  As opposed to opening -- let's say that

3  you had a website as a hypothetical that did all the things

4  plaintiff alleged this one does, was aware of the risks to

5  children by virtue of all of the parameters it sets up for its

6  website, and generally could be viewed as participating in

7  child sex abuse -- that is, knowing and profiting from it --

8  but is unaware of the names of any individual victim.  It just

9  knows it's happening, knows it's profiting from it, and is

10  happy to get the money, but doesn't know the name of any

11  particular victim.  Is that insufficient for a Claim 5 -- for a

12  claim like Claim 5 to go ahead?

13      MS. GUNNING:  Knowledge of the particular -- first of

14  all, Your Honor, knowing the name of the victim is not

15  necessary, given the circumstances.

16      THE COURT:  You just told me that there's no link to

17  Mr. Fordyce here.  That would be knowledge of a particular

18  victim.  So I'm just asking is that necessary or could you get

19  a Claim 5 without a company knowing the names of any victim or

20  any individual perpetrator?  It just knows there's a bunch of

21  them out there and doesn't care and wants to make money off of

22  it, but it couldn't name any perpetrator and it couldn't name

23  any victim.  Is the inability to name either a perpetrator or a

24  victim, if all else is present -- which I know you contend

25  isn't in this case, but if everything else is present but

1  there's just no individual involvement with an individual case,

2  there's just involvement in the industry, would that be fatal

3  to a claim like Claim 5?

4         MS. GUNNING:  It would be fatal if we didn't have

5  additional detail, Your Honor.  The statute refers to "the

6  venture" and "a person."  I mean, it's very --

7         THE COURT:  Your position is to have liability for a

8  claim like Claim 5, even if a company wasn't involved in the

9  overall business of child sex exploitation, set up a website

10  and made profit off it, knowing it was doing it, aware that it

11  was going on, aware that there were victims and were

12  perpetrators, it just didn't drill down to the detail of being

13  aware of any particular victim or any particular perpetrator,

14  that would be fatal to a claim like Claim 5?

15         MS. GUNNING:  Yes.  It doesn't satisfy the standard

16  under 1591 required to overcome Section 230 immunity.

17         THE COURT:  Thank you.

18         Is that the extent of your argument or do you wish to

19  say any more?

20         MS. GUNNING:  That's the extent unless Your Honor has

21  questions.

22         THE COURT:  Thank you.

23         I'll turn to you on Claim 6.  So I suggested that it

24  barely satisfied but did satisfy the standard, and

25  pragmatically speaking it should probably be thrown in and

1    resolve Claims 1 through 4 anyway, since it's bound up with

2    Claims 1 through 4 at a minimum factually.  What's your

3    response?

4          MS. GUNNING:  With respect to the new negligence

5    claim, there are three different issues raised in the briefing,

6    and I don't -- if Your Honor has a preference for which of

7    those you'd like me to address first?

8          THE COURT:  No, you go ahead.

9          MS. GUNNING:  Yes.  The first question is whether the

10   Oregon so-called impact rule with respect to injury is

11   satisfied, and if not, then has an exception to that rule,

12   which Oregon courts have stated as a violation of a legally

13   protected interest, and emotional distress being a foreseeable

14   result of that violation.

15         Here there are no allegations with respect to the new

16   negligence claim that satisfy the impact rule.  And with

17   respect to the pleading, there is an allegation in the second

18   amended complaint as to a legally protected interest, but there

19   are insufficient allegations -- or no allegations explaining

20   how Omegle violated -- assuming there is a legally protected

21   interest, how Omegle violated that legally protected interest.

22   And the *Banana Republic* case is very clear with respect to the

23   pleading standard when pleading this type of exception to the

24   impact rule, and it's not -- the complaint does not state a

25   claim with respect to that issue.

1          Another issue, another failing of the new negligence

2    claim is that it is barred by Section 230.  And it's

3    interesting here because the plaintiff is trying to have it

4    both ways, on the one hand arguing that the new negligence

5    claim is exactly like Claims 1 through 4, except concerning a

6    service not a product, but also that it's different from the

7    product liability claims.  And so, you know, the plaintiff has

8    to pick one of those.

9          Now looking at the allegation specific to the new

10    negligence claim, there are repeated references --

11          THE COURT:  Why does the plaintiff have to pick one

12    of those?  I mean, if she -- if plaintiff claims that there is

13    negligence as to a service and product liability as to a

14    product, then why can't both those claims go forward?

15          I understand how if you have a -- there are

16    situations where you'd have a statutory award of liability that

17    you can't also allege common law negligence, there are cases

18    where that's the point, but that's where the same interest is

19    protected by the statute and the common law negligence.  But if

20    they're different by virtue of one being a service and one

21    being a product, why wouldn't that evade that rule?

22          MS. GUNNING:  Let me clarify what I was saying

23    before, Your Honor.

24          THE COURT:  Okay.

25          MS. GUNNING:  And I apologize for the lack of

1    clarity.

2          I mean, here the new negligence claims turn on the

3    content.  They turn on the communication.  The allegations are

4    about the private and anonymous conversations, the

5    communications and the contents.  On the one hand the plaintiff

6    is saying this is just like Claims 1 through 4, it involves a

7    service, so we're immune.  We're not immune under Section 230,

8    but on the other hand it's pled differently and focuses on

9    communications, so it is immune under Section 230.

10          THE COURT:  So you contend that part of why I should

11   apply Section 230 immunity is because the negligence claim is

12   pled closer to the sorts of things for which you're immune,

13   service?

14          MS. GUNNING:  Correct.  The way it's pled is the harm

15   arises from the communications with Fordyce.  It focuses on

16   Fordyce's communication and the harms they caused.  The

17   negligent acts are framed as, you know, negligence and --

18   alleged negligence in moderation and screening, all these

19   traditional publisher functions.  It's different from the -- I

20   think it's Claims 3 and 4 that are the product liability claims

21   arising in negligence.  Those claims as pled are about

22   negligent -- defective design.  But this claim is pled

23   different than that.

24          THE COURT:  All right.  Thank you.

25          That's one.  You said you had three arguments you

1  wanted to make.  That's one of them.

2       MS. GUNNING:  Yes.  And the third argument goes to

3  foreseeability.  And, you know, I would point to the most

4  recent case -- I believe plaintiff cited this one -- which is

5  the case against the West Linn School District, where the Court

6  found that it was not reasonably foreseeable that the district

7  would have known that this -- the teacher who apparently

8  engaged in inappropriate if not criminal actions, that those

9  actions were not foreseeable.  And so applying a broader

10 standard of reasonable foreseeability to Omegle than the Court

11 in the *West Linn* case applied to events in the real world is

12 contrary to Oregon law.  I mean, there's not -- there are not

13 allegations in the complaint that specifically go to -- excuse

14 me, that specifically go to what happened here.  It's not -- it

15 doesn't mean --

16       THE COURT:  I'm not sure I understand.  First of all,

17 the *West Linn* case is a useful case but represents simply a

18 factual sort of data point on the question of what is

19 foreseeable, right?  It doesn't set up some different standard,

20 it just helps us understand what is and what isn't foreseeable

21 by giving us a factual scenario to apply.  Do you agree so far?

22       MS. GUNNING:  Yes.  I mean --

23       THE COURT:  So you say *West Linn* applies it in the

24 real world as opposed to what?  I mean, I guess I thought this

25 was a real world case, too.

1    MS. GUNNING:  We are in the real world, Your Honor,

2    but it's different in that it's a virtual world.  It's not a

3    situation like the *West Linn* case --

4    THE COURT:  Is the standard of foreseeability somehow

5    different in this case than in *West Linn* or any other case?  I

6    understood it to be just that you have -- that the pleader

7    would have to meet the standard of showing foreseeability, not

8    some special standard applicable in cases involving virtual

9    conduct.  Am I missing a point there?

10    MS. GUNNING:  It's correct, Your Honor, there isn't a

11    different standard with respect to reasonable -- excuse me,

12    foreseeability regarding --

13    THE COURT:  You know what your opponent has pled

14    about foreseeability, fundamentally that there's enough going

15    on out there that your client would have to be an ostrich to

16    not know this stuff.  What is your response to that?

17    MS. GUNNING:  Well, one thing that for purposes of

18    the pleading -- and this is discussed in the *Piazza* case and I

19    think it's mentioned in the *West Linn* case -- is that the

20    circumstances and the context are important.  One of the things

21    you look at is in terms of time frame, and in this case it's

22    alleged that the unfortunate and terrible things that

23    Mr. Fordyce did, the contact with Omegle -- alleged contact

24    with Omegle occurred in 2014.

25    THE COURT:  Before a lot of the things that would

```
1    give your client perhaps some foreseeability after they

2    occurred?

3            MS. GUNNING:  Yes.  The allegations in the complaint,

4    assuming as we must that those are true for the purposes of a

5    12(b)(6) motion.  It's different than a case like Piazza where

6    the Court lists all the allegations in the pleading that were

7    both more specific to that location but also led up to that

8    incident.

9            THE COURT:  All right.  Thank you very much.

10           Did you complete your argument?

11           MS. GUNNING:  I did, Your Honor, unless you have more

12    questions.

13           THE COURT:  No, thank you.

14           I'll turn to you.

15           MS. GOLDBERG:  Thank you, Your Honor.  I'll take

16    these in the order.

17           THE COURT:  Let's go backwards.  So let's talk about

18    foreseeability.

19           You agree, of course, don't you, that for you to show

20    foreseeability by virtue of sort of a body of knowledge by

21    Omegle about how bad things are happening out there, you'd have

22    to show those events from which you'd derive awareness and

23    foreseeability, you'd have to show they occurred before the

24    harm to your client, right?  You can't get to foreseeability

25    for your client's harm by subsequent events.  That's obvious,
```

1  isn't it?

2        MS. GOLDBERG:  That's obvious to us as well.

3        THE COURT:  Do you do that?  Do you show a body of

4  events that predate the harm to your client here?

5        MS. GOLDBERG:  We certainly -- certainly the research

6  and the studies into Omegle and its pattern and practice of

7  matching children with adults, the articles have postdated the

8  harms to our client.  However, the operations of Omegle have

9  not changed since 2008, when it was developed -- or excuse me,

10  2009.

11        THE COURT:  I can't assume foreseeability.  I have to

12  have something happen that triggers foreseeability.  So the

13  fact that bad things are happening to children by virtue of the

14  platform's structure doesn't get you foreseeability unless

15  Omegle somehow knows it.  By what mechanism did Omegle learn it

16  prior to 2014?

17        MS. GOLDBERG:  I feel that this is a factual

18  determination.

19        THE COURT:  Sure.  You have to plead -- Let me ask my

20  question.

21        It is a factual question, but you have to plead

22  facts.  The reason that it's not -- that we're not determining

23  facts today is if you plead facts, then I'm assuming they're

24  true, and that's how you'd win.  But you don't get to move to

25  another day just by saying it's a factual question unless you

1    have pled facts.  So you have to plead foreseeability.  If your

2    studies postdate 2014, then their publication doesn't get you

3    foreseeability.  You're suggesting that the underlying events

4    discussed in those studies might get you foreseeability, fair

5    enough, but only if Omegle knew about them.

6              So what did you plead in your complaint to show

7    Omegle knew these terrible things were happening during or

8    prior to 2014?

9              MS. GOLDBERG:  Well, we discuss criminal actions

10   where Omegle's founder testified in court about -- in child

11   predation cases.  And, I mean, I really do feel that the

12   operations of this platform, which have been consistent,

13   inviting people 13 and up, matching them with predators,

14   putting them into live video chat rooms makes it foreseeable.

15   If in 2009 somebody had presented that idea and wanted an

16   investment for their product, I think anybody would say, you're

17   going to be matching 13-year-olds and adults for live-streaming

18   video chats?  It feels on the very face of it to be a

19   foreseeably harmful business plan.

20             THE COURT:  All right.  So that's one argument, that

21   the platform's very structure makes the harm you allege

22   foreseeable.

23             Anything else?  You say a criminal case in which the

24   CEO testified.  When did he testify?

25             MS. GOLDBERG:  I don't have that information.  I'm

```
 1    not sure how far back his testimony has gone.
 2            THE COURT:  Do you know if it predates 2014 or not?
 3            MS. GOLDBERG:  I don't know.
 4            THE COURT:  Anything else?
 5            MS. GOLDBERG:  Well, with regards to foreseeability,
 6    in the West Linn case, the courts generally committed that
 7    question to the jury and said that the unforeseeability as a
 8    matter of law should rarely be found, and that only in extreme
 9    cases such as when the harm results from a highly unusual
10    circumstance should it be determined as a matter of law.
11            THE COURT:  I get this a lot from plaintiffs'
12    lawyers, and so I have a job to do that I cannot evade.  My job
13    is to measure whether your complaint states a claim as a matter
14    of law.  And, of course, as I said, the grand benefit you get
15    is you don't even have to win, you just have to say it out loud
16    in your complaint.  But it's not enough to say, oh, you know,
17    don't grant a motion to dismiss because that should go to a
18    jury.  Well, yeah, it should go to a jury as long as you've
19    adequately pled your claim.  But we're here to decide whether
20    you've adequately pled your claim, and the question we're
21    focusing on is foreseeability.  So I don't need a reminder that
22    a motion to dismiss is a serious step in the case.  I just need
23    you to tell me what you put in your complaint.
24            MS. GOLDBERG:  In paragraphs 115 and 117, we plead
25    that Omegle created a foreseeable risk of harm that its
```

1    platform would injure plaintiff and it was negligent.

2          We discuss that Omegle was -- failed to take

3    reasonable measures to prevent foreseeably dangerous

4    situations.

5          THE COURT:  Okay.  So so far we're right squarely in

6    the land of *Iqbal* and *Twombly* which says that you can't get

7    there by stating legal conclusions.  You've just read to me two

8    legal conclusions.  So what I'm looking for are facts.

9          MS. GOLDBERG:  Well, earlier in the complaint, in the

10   facts section, I talk about the operations.  I talk about how

11   Omegle encourages people to talk to strangers.

12         THE COURT:  Okay.  So one thing I'm going to keep in

13   mind is your argument that your entire description of the way

14   this platform is set up is -- makes child abuse so inevitable

15   that we should call that foreseeable.  And I'm taking that

16   argument seriously.  So I have that one in my mind.

17         I'm looking for anything else that you have beyond

18   the structure of the platform that gives you foreseeability.

19   One is you think maybe -- you're not sure, but maybe testimony

20   by the CEO in a criminal case works.  Do you know the paragraph

21   that's in?  Or is that in the complaint, his testimony in a

22   criminal case?

23         MS. GOLDBERG:  I don't know offhand.

24         THE COURT:  So that's possibly two things.

25         Is there a third or a fourth fact you want to rely on

1    that triggers foreseeability?

2            MS. GOLDBERG:  The gravamen is that the product made

3    the harm so inevitable to the children.

4            THE COURT:  That's your point.

5            MS. GOLDBERG:  I mean, I need discovery to find out

6    the extent to which -- Well, actually, okay.  Paragraph 64.

7    "Prior to 2014 when the Omegle predator targeted plaintiff, a

8    series of news articles had been published to warn the public

9    about the dangers of Omegle specific to child exploitation and

10   abuse."

11           That was on News Channel 3.

12           And then there's one from October 21st, 2013.  "OK

13   mother says teen was sexually assaulted by man she met online,"

14   again in the article about Omegle.

15           THE COURT:  Article where?

16           MS. GOLDBERG:  That was News 9.  I don't know offhand

17   if that was a television piece or an article, but we have the

18   website linked.

19           THE COURT:  That's News 9 for a particular city's

20   local news station or what?

21           MS. GOLDBERG:  It was in Oklahoma.

22           THE COURT:  All right.  That's all to be found in

23   paragraph 65?

24           MS. GOLDBERG:  Sixty-four.

25           And then paragraph 65 says that starting May 2015,

1    Omegle's homepage included a sentence that said, "Predators

2    have been known to use Omegle, so please be careful."

3              It doesn't get much more clear than that.

4              THE COURT:  Thank you very much.

5              I asked you to talk about foreseeability, but there

6    were other points you wanted to make.  Go ahead.

7              MS. GOLDBERG:  Yes.  Addressing the claim that no

8    physical harm was alleged, sexual harms are physical harms.

9    Our complaint extensively pleads the sexual abuse suffered,

10   that our client was forced to perform repeated acts of sexual

11   abuse on herself, to masturbate with objects under coercion and

12   blackmail.  Sexual abuse of children is an egregious harm.

13   It's not tolerated by our society.

14             With regard to the *Banana Republic* case, my reading

15   of that is that basically on an ad hoc decision, the Court can

16   decide whether something is a legally protected interest, and

17   they base it on the importance of that interest.  In our case,

18   we're talking about a child's interest to not be sexually

19   abused, and there aren't more generally accepted or legally

20   compelling interests in our society.

21             And I will now turn to the issue of Section 230

22   vis-a-vis our negligence claim.  We pleaded the negligence

23   claim in parallel to the product liability claim.  Once again,

24   we're not suing Omegle for the conduct of a third party, we're

25   suing Omegle for its own operations.  Whether Omegle wants to

1    call itself a product or a service, we're suing Omegle for the

2    design decisions and the operational decisions that they made

3    which caused harm to our client.

4              Your Honor's prior ruling is controlling because once

5    again it's a claim that does not treat the defendant as a

6    publisher, and under no circumstances are we talking about

7    anything that's a traditional editorial decision like we see in

8    claims like defamation, which are traditionally the kind that

9    Section 230 was intended to dismiss.

10             That's really all I have to say on that issue.

11             If Your Honor would give me the opportunity, I do

12   have one other thing I'd like to say regarding the trafficking

13   issue, if we can go back to that for one second.

14             THE COURT:  Go ahead.

15             MS. GOLDBERG:  I wanted to just talk about Congress's

16   policy intentions when they created FOSTA.  It was a direct

17   response to the Backpage.com trafficking situation, where

18   Backpage was used to traffic children, and Congress intended to

19   give people who had been trafficked through Backpage some sort

20   of way to hold Backpage -- not just their offender but Backpage

21   itself liable for its participation in the venture, whether or

22   not it knew about the specifics.  It was -- the knowledge that

23   mattered is whether or not it knows that it's assisting,

24   supporting, and facilitating trafficking in general, because

25   again we're not suing about just beneficiary liability but

1    about venture liability.

2           There is not really a more analogous platform to

3    Backpage than to Omegle.  We can't compare Reddit and Omegle.

4    Reddit is an online message board where almost everything is

5    published publicly and it's all about content moderation.  And

6    you can go on Reddit and you can talk -- you can get tips on

7    dog training and skin care and all sorts of things.  But

8    Omegle's primary use, just like Backpage, is for predation.

9    And we can't separate, when we're talking about the

10   participation in the venture, we can't separate out what the

11   general common use of that platform does and is.  And in this

12   case, Omegle is an unreasonably dangerous platform that engages

13   actively in child sexual abuse.

14          Our client told us on Thursday when we were talking

15   to her --

16          THE COURT:  Some day I want to hear this, but not at

17   the motion to dismiss stage.  All right?

18          MS. GOLDBERG:  Okay.

19          THE COURT:  It's interesting when you tell me what

20   Congress intended.  Of course, it's a tough one because

21   Congress itself, it's difficult to know what its intent is.  I

22   assume you're pointing to legislative history of some kind to

23   tell me that you know why Congress passed this relevant piece

24   of legislation?

25          MS. GOLDBERG:  Yes, but also in the *Reddit* case

1    there's a whole section that talks about how important

2    Congress's intention was, and it talks about Backpage.

3            THE COURT:  All right.  Thank you all very much.

4            I deny the motion to dismiss on procedural grounds

5    for Claims 1 through 4.  I'm going to take under advisement

6    Claims 5 and 6.

7            But however those go, we need to go ahead with

8    discovery.  You have outstanding discovery requests out already

9    or not?

10           MS. GOLDBERG:  We have one interrogatory.

11           THE COURT:  And you intend to propound others?

12           MS. GOLDBERG:  Yes.

13           THE COURT:  Yes?

14           MS. GUNNING:  Yes, Your Honor.  Currently -- and I'm

15   guessing this is something that the counsel will need to confer

16   on.  Currently discovery is stayed 30 days after your ruling or

17   you issue a written opinion.  And the current case schedule

18   dates will need to be adjusted, obviously.

19           THE COURT:  Are you able to do that by suggesting a

20   case management plan or do we need to hammer that out right

21   now?

22           MS. GOLDBERG:  We can suggest it.  Just to clarify

23   it, it's not 30 days following a written decision, but it's 30

24   days following a posting on the minutes.

25           MS. GUNNING:  Yes.

1          THE COURT:  The minute order will go out today or

2    tomorrow morning.  So the clock ticks now.  And in those 30

3    days, are you able to produce for me a joint proposed case

4    management plan?  You can differ on some things, and then you

5    just have it saying, you know, plaintiffs want discovery to

6    close here and defendants want here or something like that.  Or

7    we can just sit here and hammer that out right now.

8          For plaintiff, which do you prefer?

9          MS. GOLDBERG:  I feel that we can cooperate with

10   defense counsel.

11         THE COURT:  And then in -- before the end of the

12   30-day period, I'll expect -- and it can be as soon as tomorrow

13   or on the 29th day, but I expect a joint proposed case

14   management plan, and I'd want to see the case move forward.

15         So if that's a reasonable plan, I'll adopt it.  If

16   there are pieces of it that I disagree with, I'll get you on

17   the phone and we'll talk about why you think you need what

18   you're asking for, and I'll either adjust it or not depending

19   on how that telephone conference goes.

20         That should take us up at a minimum through summary

21   judgment.  Typically in a case like this, I would suggest that

22   you have the pretrial order and the joint ADR report to just

23   float.  Just say they're due 30 days after I resolve summary

24   judgment.  And then that will get you through all of that.

25   Then the only thing that would be missing would be a pretrial

1   conference date and a trial.  You should feel free to go ahead

2   and suggest a trial date, but if you don't feel like -- if what

3   you would prefer to do is get this case all the way through

4   summary judgment and then meet with me and confer about a trial

5   date, that's also acceptable, whichever you all decide is more

6   workable for your future schedules.

7           Anything further from plaintiff today?

8           MS. GOLDBERG:  No, Your Honor.

9           THE COURT:  For the defense?

10          MS. GUNNING:  No, thank you.

11          THE COURT:  Thank you all.  We'll be in recess.

12          THE COURTROOM DEPUTY:  All rise.  Court is in recess.

13          (Proceedings concluded at 2:13 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1

2                            --o0o--

3

4          I certify, by signing below, that the foregoing is a

5    correct transcript of the record of proceedings in the

6    above-entitled cause.  A transcript without an original

7    signature or conformed signature is not certified.

8

9

     /s/Bonita J. Shumway                December 9, 2022
10   _____            _____
     BONITA J. SHUMWAY, CSR, RMR, CRR    DATE
11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MR. BALASUBRAMANI: [1]  3/20
MS. GOLDBERG: [30]  3/9 6/7 7/16
7/18 8/17 19/15 20/2 20/5 20/17 21/9
21/25 22/3 22/5 22/24 23/9 23/23 24/2
24/5 24/16 24/21 24/24 25/7 26/15 27/18
27/25 28/10 28/12 28/22 29/9 30/8
MS. GUNNING: [29]  3/16 5/19 9/10
9/21 10/15 10/19 11/5 11/8 11/13 12/1
12/13 13/4 13/15 13/20 14/4 14/9 15/22
15/25 16/14 17/2 17/22 18/1 18/10 18/17
19/3 19/11 28/14 28/25 30/10
MS. LAY: [1]  3/19
MS. LEEDS: [1]  3/12
MS. LONG: [1]  3/14
THE COURT: [59]
THE COURTROOM DEPUTY: [2]  3/4
30/12

-

--o0o [1]  31/2

/

/s/Bonita [1]  31/9

1

1000 [1]  2/19
101 [1]  2/19
11241 [1]  2/6
115 [1]  22/24
117 [1]  22/24
12 [6]  4/3 4/9 4/14 6/1 6/2 19/5
13 [2]  8/18 21/13
13-year-olds [1]  21/17
1591 [3]  7/22 9/15 13/16
1595 [1]  7/25
16 [1]  2/5
1900 [1]  2/9
1:31 [1]  3/2
1st [1]  2/14

2

2008 [1]  20/9
2009 [2]  20/10 21/15
201 [1]  2/14
2013 [1]  24/12
2014 [6]  18/24 20/16 21/2 21/8 22/2
24/7
2015 [1]  24/25
2022 [3]  1/6 3/2 31/9
21st [1]  24/12
230 [7]  13/16 15/2 16/7 16/9 16/11
25/21 26/9
29th [1]  29/13
2:13 [1]  30/13

3

30 [5]  28/16 28/23 28/23 29/2 29/23
30-day [1]  29/12
301 [1]  2/19
326-8188 [1]  2/20
33rd [1]  2/5
3:21-cv-01674-MO [1]  1/4
3:21-cv-1674-MO [1]  3/5

5

503 [1]  2/20

6

64 [1]  24/6
65 [2]  24/23 24/25

8

8188 [1]  2/20

9

900 [1]  2/14
97204 [2]  2/9 2/19
98134 [1]  2/14

A

A.M [4]  1/3 3/5 3/10 3/13
able [2]  28/19 29/3
about [30]  7/3 7/5 10/2 10/3 10/24
10/25 16/4 16/21 18/14 19/17 19/21 21/5
21/10 23/10 23/10 24/9 24/14 25/5 25/18
26/6 26/15 26/22 26/25 27/1 27/5 27/9
28/1 28/2 29/17 30/4
above [1]  31/6
above-entitled [1]  31/6
abuse [7]  12/7 23/14 24/10 25/9 25/11
25/12 27/13
abused [1]  25/19
abusers [1]  9/3
acceptable [1]  30/5
accepted [1]  25/19
accordingly [1]  3/24
actions [3]  17/8 17/9 21/9
actively [3]  8/2 8/11 27/13
acts [2]  16/17 25/10
actually [2]  8/11 24/6
ad [1]  25/15
added [1]  11/21
additional [2]  6/14 13/5
address [2]  9/11 14/7
Addressing [1]  25/7
adequately [4]  5/3 10/7 22/19 22/20
adjust [1]  29/18
adjusted [1]  28/18
adopt [1]  29/15
ADR [1]  29/22
adults [5]  8/18 8/19 9/4 20/7 21/17
advantage [1]  4/17
advertised [1]  9/3
advertising [1]  8/10
advisement [1]  28/5
after [3]  19/1 28/16 29/23
afternoon [4]  3/4 3/10 3/11 3/17
again [8]  7/4 10/20 11/14 11/20 24/14
25/23 26/5 26/25
against [4]  5/16 7/13 11/25 17/5
age [2]  8/19 8/22
ago [1]  6/11
agree [2]  17/21 19/19
agreement [1]  9/5
ahead [8]  5/8 7/17 12/12 14/8 25/6
26/14 28/7 30/1
all [28]  3/22 4/6 5/1 6/5 10/7 12/3 12/5
12/14 12/24 16/18 16/24 17/16 19/6 19/9
19/20 24/22 24/22 26/10 27/5 27/7 27/17

28/3 28/3 29/24 30/3 30/5 30/11 30/12
allegation [3]  10/20 14/17 15/9
allegations [9]  9/12 9/24 14/15 14/19
14/19 16/3 17/13 19/3 19/6
allege [3]  8/15 15/17 21/21
alleged [6]  11/10 12/4 16/18 18/22
18/23 25/8
alleges [2]  10/5 10/7
almost [1]  27/4
alone [2]  5/3 7/7
already [1]  28/8
also [8]  3/14 3/20 4/2 15/6 15/17 19/7
27/25 30/5
although [1]  5/11
Am [1]  18/9
amended [1]  14/18
amendments [1]  9/12
analogous [1]  27/2
anonymous [1]  16/4
another [5]  4/8 9/2 15/1 15/1 20/25
any [15]  4/12 6/3 6/4 6/11 10/21 12/8
12/10 12/19 12/20 12/22 12/23 13/13
13/13 13/19 18/5
anybody [1]  21/16
anything [6]  11/14 21/23 22/4 23/17
26/7 30/7
anyway [1]  14/1
apologize [3]  11/16 11/18 15/25
app [1]  9/2
apparently [1]  17/7
APPEARANCES [1]  2/2
applicable [1]  18/8
applied [1]  17/11
applies [2]  4/14 17/23
apply [2]  16/11 17/21
applying [1]  17/9
are [33]
aren't [1]  25/19
arguing [1]  15/4
argument [11]  1/14 3/5 4/2 6/21 10/23
13/18 17/2 19/10 21/20 23/13 23/16
arguments [4]  3/24 4/1 4/4 16/25
arises [1]  16/15
arising [1]  16/21
around [1]  7/1
article [3]  24/14 24/15 24/17
articles [2]  20/7 24/8
as [33]
ask [1]  20/19
asked [1]  25/5
asking [2]  12/18 29/18
assaulted [1]  24/13
assisting [1]  26/23
assume [2]  20/11 27/22
assuming [4]  10/4 14/20 19/4 20/23
attorney [1]  3/12
attorneys [1]  3/9
attracted [1]  8/9
availability [1]  7/19
Avenue [2]  2/14 2/19
award [1]  15/16
aware [4]  12/4 13/10 13/11 13/13
awareness [1]  19/22

**B**

**Backpage [7]** 26/18 26/19 26/20 26/20 27/3 27/8 28/2
**Backpage.com [1]** 26/17
**backwards [1]** 19/17
**bad [2]** 19/21 20/13
**Balasubramani [2]** 2/13 3/20
**Banana [1]** 14/22 25/14
**Barbara [2]** 2/8 3/14
**barely [2]** 5/4 13/24
**barred [1]** 15/2
**base [1]** 25/17
**basically [1]** 25/15
**be [29]** 4/22 4/24 5/5 5/17 6/25 7/13 7/15 7/23 9/22 12/6 12/17 13/2 13/4 13/14 13/25 18/6 18/15 21/17 21/18 22/8 22/10 24/22 25/2 25/18 28/18 29/12 29/25 29/25 30/11
**because [9]** 4/23 6/13 10/23 15/3 16/11 22/17 26/4 26/24 27/20
**been [10]** 4/5 4/6 4/23 6/9 7/9 11/21 21/12 24/8 25/2 26/19
**before [5]** 1/16 15/23 18/25 19/23 29/11
**beginning [1]** 3/8
**behalf [1]** 3/14
**behave [1]** 9/7
**behavior [1]** 9/14
**behaviors [1]** 10/21
**being [6]** 3/22 8/9 13/12 14/13 15/20 15/21
**believe [1]** 17/4
**believes [1]** 11/10
**below [1]** 31/4
**beneficiary [4]** 8/7 9/11 11/17 26/25
**benefit [13]** 9/18 9/23 10/4 10/8 10/8 10/11 10/17 10/20 10/24 11/2 11/4 11/17 22/14
**benefited [2]** 8/4 8/8
**benefits [1]** 9/19
**better [1]** 4/11
**beyond [2]** 11/11 23/17
**bind [1]** 9/5
**blackmail [1]** 25/12
**blind [1]** 11/11
**board [1]** 27/4
**body [2]** 19/20 20/3
**bonita [4]** 2/18 2/20 31/9 31/10
**both [4]** 10/15 15/4 15/14 19/7
**bound [1]** 14/1
**briefing [3]** 5/20 6/14 14/5
**briefly [1]** 9/11
**bringing [1]** 6/24
**broader [1]** 17/9
**Brooklyn [1]** 2/6
**brought [3]** 5/23 6/10 7/9
**bunch [1]** 12/20
**burdensome [1]** 6/14
**business [2]** 13/9 21/19

**C**

**C.A [1]** 2/5
**call [6]** 4/18 5/1 5/2 5/12 23/15 26/1
**called [1]** 14/10
**can [13]** 5/10 6/18 11/18 25/15 26/13 27/6 27/6 27/6 28/22 29/4 29/7 29/9 29/12
**can't [8]** 15/14 15/17 19/24 20/11 23/6 27/3 27/9 27/10
**candid [1]** 5/5
**cannot [1]** 22/12
**care [2]** 12/21 27/7
**careful [1]** 25/2
**cares [1]** 7/5
**Carrie [2]** 2/4 3/9
**case [42]**
**cases [4]** 15/17 18/8 21/11 22/9
**cause [1]** 31/6
**caused [2]** 16/16 26/3
**CEO [2]** 21/24 23/20
**certainly [2]** 20/5 20/5
**certified [1]** 31/7
**certify [1]** 31/4
**changed [1]** 20/9
**Channel [1]** 24/11
**chat [1]** 21/14
**chats [1]** 21/18
**child [7]** 8/24 12/7 13/9 21/10 23/14 24/9 27/13
**child's [1]** 25/18
**children [9]** 8/19 9/4 9/5 12/5 20/7 20/13 24/3 25/12 26/18
**Circuit [3]** 4/17 5/21 11/22
**Circuit's [1]** 7/11
**circumstance [1]** 22/10
**circumstances [3]** 12/15 18/20 26/6
**cited [1]** 17/4
**city's [1]** 24/19
**claim [37]**
**claims [24]** 3/25 3/25 4/15 4/20 5/6 5/8 5/11 6/2 6/20 7/10 14/1 14/2 15/5 15/7 15/12 15/14 16/2 16/6 16/20 16/20 16/21 26/8 28/5 28/6
**clarify [2]** 15/22 28/22
**clarity [1]** 16/1
**clear [3]** 4/5 14/22 25/3
**client [17]** 6/10 9/20 10/6 10/8 10/11 10/17 11/2 11/3 11/24 18/15 19/1 19/24 20/4 20/8 25/10 26/3 27/14
**client's [5]** 10/12 10/13 11/7 11/11 19/25
**clock [1]** 29/2
**close [4]** 4/22 5/2 5/12 29/6
**closer [1]** 16/12
**closest [1]** 5/1
**codified [1]** 4/14
**coercion [1]** 25/11
**come [1]** 4/21
**comments [1]** 5/16
**committed [1]** 22/6
**common [3]** 15/17 15/19 27/11
**communication [2]** 16/3 16/16
**communications [3]** 16/5 16/9 16/15
**company [2]** 12/19 13/8
**compare [1]** 27/3
**compelling [1]** 25/20
**complaint [19]** 4/21 5/2 8/11 9/12 9/24 10/3 10/4 11/20 14/18 14/24 17/13 19/3 21/6 22/13 22/16 22/23 23/9 23/21 25/9
**complaint's [1]** 9/19 10/10 10/16
**complete [1]** 19/10

**concerning [1]** 15/5
**concerns [1]** 7/3
**concluded [1]** 30/13
**conclusions [2]** 23/7 23/8
**conduct [7]** 7/21 7/22 7/24 8/14 11/25 18/9 25/24
**confer [2]** 28/15 30/4
**conference [2]** 29/19 30/1
**conformed [1]** 31/7
**Congress [4]** 26/18 27/20 27/21 27/23
**Congress's [2]** 26/15 28/2
**considered [1]** 6/2
**consistent [1]** 21/12
**contact [2]** 18/23 18/23
**contend [3]** 11/23 12/24 16/10
**content [2]** 16/3 27/5
**contents [1]** 16/5
**context [1]** 18/20
**contingent [1]** 7/20
**contrary [1]** 17/12
**controlling [1]** 26/4
**conversations [1]** 16/4
**cooperate [1]** 29/9
**correct [5]** 11/7 11/16 16/14 18/10 31/5
**could [8]** 3/24 4/5 4/6 5/25 7/8 9/3 12/6 12/18
**couldn't [2]** 12/22 12/22
**counsel [3]** 3/7 28/15 29/10
**course [3]** 19/19 22/14 27/20
**court [14]** 1/1 1/17 2/5 2/18 6/12 6/24 7/23 17/5 17/10 19/6 21/10 25/15 30/12 31/11
**Courthouse [1]** 2/18
**courts [2]** 14/12 22/6
**created [2]** 22/25 26/16
**creates [1]** 5/9
**creating [1]** 9/4
**criminal [5]** 17/8 21/9 21/23 23/20 23/22
**CRR [2]** 2/18 31/10
**CSR [2]** 2/18 31/10
**current [1]** 28/17
**Currently [2]** 28/14 28/16
**cv [1]** 1/4 3/5

**D**

**dangerous [2]** 23/3 27/12
**dangers [1]** 24/9
**data [1]** 17/18
**date [4]** 30/1 30/2 30/5 31/10
**dates [1]** 28/18
**day [7]** 4/8 6/12 6/12 20/25 27/16 29/12 29/13
**days [5]** 28/16 28/23 28/24 29/3 29/23
**December [3]** 1/6 3/2 31/9
**decide [3]** 22/19 25/16 30/5
**decided [1]** 6/16
**decision [5]** 4/18 7/12 25/15 26/7 28/23
**decisions [2]** 26/2 26/2
**defamation [1]** 26/8
**defective [1]** 22/6
**defendant [11]** 1/7 2/12 3/17 3/19 3/21 7/21 7/24 8/2 8/4 9/23 26/5
**defendant-website [2]** 8/2 8/4
**defendant-website's [2]** 7/21 7/24

**D**

**defendants [2]** 6/9 29/6
**defense [4]** 5/17 7/7 29/10 30/9
**delay [2]** 6/11 6/13
**dense [1]** 8/12
**deny [4]** 4/15 5/12 7/9 28/4
**depending [1]** 29/18
**derive [1]** 19/22
**description [2]** 10/17 23/13
**design [2]** 16/22 26/2
**detail [2]** 13/5 13/12
**determination [1]** 20/18
**determined [1]** 22/10
**determining [1]** 20/22
**developed [1]** 20/9
**did [8]** 12/3 13/24 18/23 19/10 19/11 20/15 21/6 21/24
**didn't [2]** 13/4 13/12
**differ [1]** 29/4
**different [12]** 4/9 7/25 14/5 15/6 15/20 16/19 16/23 17/19 18/2 18/5 18/11 19/5
**differently [1]** 16/8
**difficult [1]** 27/21
**direct [11]** 3/24 8/6 10/12 10/13 10/21 10/25 11/1 11/3 11/7 11/8 26/16
**directly [4]** 8/25 9/1 10/17 11/24
**disagree [1]** 29/16
**discovery [6]** 6/13 24/5 28/8 28/8 28/16 29/5
**discuss [5]** 6/17 6/20 9/17 21/9 23/2
**discussed [3]** 9/18 18/18 21/4
**discusses [1]** 10/4
**dismiss [14]** 4/15 4/23 4/24 5/4 5/13 5/22 6/10 7/10 7/13 22/17 22/22 26/9 27/17 28/4
**dispute [1]** 7/19
**distress [1]** 14/13
**distributed [2]** 8/25 9/1
**district [6]** 1/1 1/2 1/17 2/18 17/5 17/6
**do [17]** 6/18 7/15 8/15 13/18 17/21 20/3 20/3 20/3 21/11 22/2 22/12 23/20 26/11 28/19 28/20 29/8 30/3
**Doe [1]** 7/18
**does [6]** 7/12 12/4 14/24 15/11 26/5 27/11
**doesn't [9]** 4/21 12/10 12/21 13/15 17/15 17/19 20/14 21/2 25/3
**dog [1]** 27/7
**doing [1]** 13/10
**don't [13]** 6/19 9/12 14/6 19/19 20/24 21/25 22/3 22/15 22/17 22/21 23/23 24/16 30/2
**down [2]** 9/3 13/12
**download [1]** 9/2
**drill [1]** 13/12
**due [1]** 29/23
**dump [1]** 5/7
**during [1]** 21/7

**E**

**earlier [5]** 4/5 4/6 7/9 11/17 23/9
**easily [2]** 5/10 7/8
**editorial [1]** 26/7
**efficiency [3]** 5/24 6/22 7/4
**egregious [1]** 25/12

**either [2]** 12/23 29/18
**else [5]** 12/24 12/25 21/23 22/4 23/17
**emotional [1]** 14/13
**encouraged [1]** 8/24
**encourages [1]** 23/11
**end [1]** 29/11
**enforced [1]** 4/9
**enforcers [1]** 9/3
**engage [1]** 9/14
**engaged [3]** 8/2 8/11 17/8
**engagement [1]** 8/12
**engages [1]** 27/12
**engaging [1]** 8/4
**enough [3]** 18/14 21/5 22/16
**entire [1]** 23/13
**entitled [1]** 31/6
**environment [1]** 9/5
**error [1]** 5/9
**evade [2]** 15/21 22/12
**even [7]** 4/21 6/1 7/7 9/12 10/20 13/8 22/15
**event [1]** 4/12
**events [5]** 17/11 19/22 19/25 20/4 21/3
**every [1]** 6/12
**everything [2]** 12/25 27/4
**exactly [1]** 15/5
**examples [1]** 8/12
**except [1]** 15/5
**exception [2]** 14/11 14/23
**excuse [4]** 3/16 17/13 18/11 20/9
**expect [2]** 29/12 29/13
**explaining [1]** 14/19
**exploitation [2]** 13/9 24/9
**extensively [1]** 25/9
**extent [3]** 13/18 13/20 24/6
**extreme [1]** 22/8
**eye [1]** 11/11

**F**

**face [1]** 21/18
**facilitating [1]** 26/24
**fact [2]** 20/13 23/25
**facts [8]** 5/5 5/6 20/22 20/23 20/23 21/1 23/8 23/10
**factual [5]** 17/18 17/21 20/17 20/21 20/25
**factually [1]** 14/2
**failed [1]** 23/2
**failing [1]** 15/1
**fair [1]** 21/4
**far [3]** 17/21 22/1 23/5
**fatal [3]** 13/2 13/4 13/14
**feel [6]** 6/19 20/17 21/11 29/9 30/1 30/2
**feels [1]** 21/18
**file [1]** 6/1
**financial [1]** 10/8
**find [1]** 24/5
**first [6]** 7/1 9/11 12/13 14/7 14/9 17/16
**float [1]** 29/23
**Floor [1]** 2/5
**Focal [1]** 2/13
**focus [1]** 11/6
**focused [1]** 5/22
**focuses [2]** 16/8 16/15
**focusing [2]** 10/13 22/21

**folks [1]** 9/7
**following [2]** 28/23 28/24
**fond [1]** 4/12
**foolhardy [1]** 5/7
**forbids [1]** 4/4
**forced [1]** 25/10
**Fordyce [5]** 9/25 12/1 12/17 16/15 18/23
**Fordyce's [1]** 16/16
**foregoing [1]** 31/4
**foreseeability [22]** 17/3 17/10 18/4 18/7 18/12 18/14 19/1 19/18 19/20 19/23 19/24 20/11 20/12 20/14 21/1 21/3 21/4 22/5 22/21 23/18 24/1 25/5
**foreseeable [9]** 14/13 17/6 17/9 17/9 17/20 21/14 21/22 22/25 23/15
**foreseeably [2]** 21/19 23/3
**forth [2]** 4/18 9/13
**forward [2]** 15/14 29/14
**FOSTA [1]** 26/16
**FOSTA's [1]** 7/20
**fostered [1]** 7/4
**found [3]** 17/6 22/8 24/22
**founder [1]** 21/10
**four [1]** 24/24
**fourth [1]** 23/25
**frame [1]** 18/21
**framed [1]** 16/17
**free [1]** 30/1
**frequently [1]** 4/10
**functionally [1]** 7/9
**functions [1]** 16/19
**fundamentally [2]** 7/4 18/14
**further [2]** 7/15 30/7
**future [1]** 30/6

**G**

**gamesmanship [1]** 7/3
**general [3]** 9/24 26/24 27/11
**generally [3]** 12/6 22/6 25/19
**get [17]** 6/12 10/1 12/10 12/18 19/24 20/14 20/24 21/2 21/4 22/11 22/14 23/6 25/3 27/6 29/16 29/24 30/3
**gets [2]** 11/2 11/3
**give [4]** 10/23 19/1 26/11 26/19
**given [1]** 12/15
**gives [1]** 23/18
**giving [1]** 17/21
**go [20]** 5/8 5/17 7/1 7/17 12/12 14/8 15/14 17/13 17/14 19/17 22/17 22/18 25/6 26/13 26/14 27/6 28/7 28/7 29/1 30/1
**go-around [1]** 7/1
**goes [2]** 17/2 29/19
**going [10]** 5/8 9/16 9/17 10/2 10/24 13/11 18/14 21/17 23/12 28/5
**Goldberg [3]** 2/4 2/5 3/9
**gone [1]** 22/1
**good [4]** 3/10 3/11 3/16 3/16
**grand [1]** 22/14
**grant [1]** 22/17
**gravamen [1]** 24/2
**grounded [1]** 4/2
**grounds [1]** 28/4
**guess [1]** 17/24

**G**

**guessing [1]** 28/15
**Gunning [3]** 2/12 3/17 5/18

**H**

**had [6]** 6/13 12/3 16/25 21/15 24/8 26/19
**hammer [2]** 28/20 29/7
**hand [3]** 15/4 16/5 16/8
**happen [1]** 20/12
**happened [1]** 17/14
**happening [4]** 12/9 19/21 20/13 21/7
**happens [1]** 4/8
**happy [1]** 12/10
**harm [11]** 16/14 19/24 19/25 20/4 21/21 22/9 22/25 24/3 25/8 25/12 26/3
**harmful [1]** 21/19
**harms [5]** 6/11 16/16 20/8 25/8 25/8
**has [11]** 4/17 6/4 11/10 11/21 11/24 13/20 14/6 14/11 15/7 18/13 22/1
**hasn't [1]** 6/3
**have [45]**
**he [1]** 21/24
**hear [1]** 27/16
**heard [2]** 7/15 11/9
**helps [1]** 17/20
**her [5]** 6/11 6/12 6/12 6/13 27/15
**here [14]** 3/4 3/22 6/18 7/6 12/17 14/15 15/3 16/2 17/14 20/4 22/19 29/6 29/6 29/7
**herself [1]** 25/11
**highly [1]** 22/9
**his [2]** 22/1 23/21
**history [1]** 27/22
**hoc [1]** 25/15
**hold [1]** 26/20
**homepage [1]** 25/1
**Honor [21]** 3/10 3/17 5/19 6/15 7/16 9/10 9/21 10/15 11/15 12/14 13/5 13/20 14/6 15/23 18/1 18/10 19/11 19/15 26/11 28/14 30/8
**Honor's [1]** 26/4
**HONORABLE [1]** 1/16
**how [10]** 9/2 14/20 14/21 15/15 19/21 20/24 22/1 23/10 28/1 29/19
**however [2]** 20/8 28/7
**hypothetical [1]** 12/3

**I**

**I'd [6]** 3/23 4/7 4/22 7/13 26/12 29/14
**I'll [8]** 5/5 13/23 19/14 19/15 29/12 29/15 29/16 29/18
**I'm [16]** 5/7 6/22 6/23 10/1 10/4 10/22 12/18 17/16 20/23 21/25 23/8 23/12 23/15 23/17 28/5 28/14
**idea [1]** 21/15
**identified [2]** 6/3 6/4
**immune [4]** 16/7 16/7 16/9 16/12
**immunity [3]** 7/20 13/16 16/11
**impact [3]** 14/10 14/16 14/24
**importance [1]** 25/17
**important [4]** 4/1 4/11 18/20 28/1
**improper [3]** 5/23 6/3 6/24
**inability [1]** 12/23
**inappropriate [1]** 17/8

**inappropriately [1]** 9/7
**incident [1]** 19/8
**inclined [3]** 4/22 4/24 7/13
**included [1]** 25/1
**including [1]** 8/24
**individual [5]** 1/3 12/8 12/20 13/1 13/1
**individually [1]** 7/2
**industry [1]** 13/2
**inefficiencies [1]** 6/4
**inefficient [1]** 7/9
**inevitable [2]** 23/14 24/3
**inevitably [1]** 9/7
**information [2]** 8/19 21/25
**injure [1]** 23/1
**injury [1]** 14/10
**insufficient [2]** 12/11 14/19
**intend [1]** 28/11
**intended [3]** 9/26 26/18 27/20
**intent [1]** 27/21
**intention [1]** 28/2
**intentions [1]** 26/16
**interest [8]** 14/13 14/18 14/21 14/21 15/18 25/16 25/17 25/18
**interesting [4]** 4/1 6/22 15/3 27/19
**interests [2]** 5/23 25/20
**interrogatory [1]** 28/10
**investment [1]** 21/16
**inviting [1]** 21/13
**involved [1]** 13/8
**involvement [3]** 11/11 13/1 13/2
**involves [1]** 16/6
**involving [3]** 9/25 10/21 18/8
**Iqbal [1]** 23/6
**is [107]**
**isn't [6]** 5/9 11/2 12/25 17/20 18/10 20/1
**issue [3]** 3/25 5/22 6/7 6/15 6/25 14/25 15/1 25/21 26/10 26/13 28/17
**issues [4]** 5/5 5/6 6/1 14/5
**it [77]**
**it's [35]**
**iteration [1]** 4/21
**its [9]** 4/21 5/3 7/21 12/5 20/6 22/25 25/25 26/21 27/21
**itself [5]** 9/14 9/23 26/1 26/21 27/21

**J**

**Jane [1]** 7/18
**job [2]** 22/12 22/12
**joint [3]** 29/3 29/13 29/22
**judge [2]** 1/17 7/18
**judgment [4]** 4/10 29/21 29/24 30/4
**jury [3]** 22/7 22/18 22/18
**just [33]**
**Justice [1]** 4/12

**K**

**keep [3]** 8/19 10/24 23/12
**Kimberlee [2]** 2/12 3/17
**kind [2]** 26/8 27/22
**knew [3]** 21/5 21/7 26/22
**know [18]** 4/6 5/9 12/10 12/24 15/7 16/17 17/3 18/13 18/16 22/2 22/3 22/16 23/20 23/23 24/16 27/21 27/23 29/5
**knowing [5]** 9/14 12/7 12/14 12/19 13/10

**knowledge [6]** 8/13 8/14 12/13 12/17 19/20 26/22
**known [2]** 17/7 25/2
**knows [5]** 12/9 12/9 12/20 20/15 26/23

**L**

**label [1]** 10/23
**lack [3]** 10/25 11/7 15/25
**land [1]** 23/6
**law [10]** 4/13 4/13 4/14 9/3 15/17 15/19 17/12 22/8 22/10 22/14
**lawyers [1]** 22/12
**Lay [2]** 2/12 3/19
**layer [1]** 9/2
**learn [1]** 20/15
**least [3]** 4/19 5/24 7/1
**led [1]** 19/7
**Leeds [2]** 2/4 3/12
**legal [2]** 23/7 23/8
**legally [6]** 14/12 14/18 14/20 14/21 25/16 25/19
**legislation [1]** 27/24
**legislative [1]** 27/22
**let [3]** 7/7 15/22 20/19
**let's [4]** 5/14 12/2 19/17 19/17
**liability [11]** 8/1 8/7 8/7 13/7 15/7 15/13 15/16 16/20 25/23 26/25 27/1
**liable [1]** 26/21
**light [2]** 11/12 11/20
**like [20]** 4/4 4/20 8/7 8/22 12/12 13/3 13/8 13/14 14/7 15/5 16/6 18/3 19/5 26/7 26/8 26/12 27/8 29/6 29/21 30/2
**link [1]** 12/16
**linked [1]** 24/18
**Linn [8]** 17/5 17/11 17/17 17/23 18/3 18/5 18/19 22/6
**Linn case [1]** 18/3
**lists [1]** 19/6
**litigated [1]** 7/6
**live [2]** 21/14 21/17
**live-streaming [1]** 21/17
**LLC [2]** 1/6 3/6
**local [1]** 24/20
**location [1]** 19/7
**long [4]** 2/8 2/8 3/14 22/18
**look [1]** 18/21
**looking [5]** 6/23 11/20 15/9 23/8 23/17
**lot [2]** 18/25 22/11
**loud [1]** 22/15

**M**

**made [4]** 8/23 13/10 24/2 26/2
**Main [1]** 2/9
**make [4]** 10/2 12/21 17/1 25/6
**makes [3]** 21/14 21/21 23/14
**making [1]** 8/10
**man [1]** 24/13
**management [3]** 28/20 29/4 29/14
**masturbate [1]** 25/11
**matched [1]** 8/18
**matching [3]** 20/7 21/13 21/17
**matter [3]** 22/8 22/10 22/13
**mattered [1]** 26/23
**May [1]** 24/25
**May 2015 [1]** 24/25

**M**

**maybe [2]** 23/19 23/19
**me [20]** 3/16 4/6 10/3 10/23 10/24 11/6 12/16 14/7 15/22 17/14 18/11 20/9 20/19 22/23 23/7 26/11 27/19 27/23 29/3 30/4
**mean [9]** 13/6 15/12 16/2 17/12 17/15 17/22 17/24 21/11 24/5
**meant [1]** 11/17
**measure [1]** 22/13
**measures [2]** 8/22 23/3
**mechanism [1]** 20/15
**media [2]** 8/21 8/23
**meet [2]** 18/7 30/4
**meeting [1]** 4/22
**mens [3]** 4/19 4/19 9/18
**mentioned [1]** 18/19
**mere [1]** 11/11
**merits [4]** 6/17 6/20 7/7 7/8
**message [1]** 27/4
**met [1]** 24/13
**MICHAEL [1]** 1/16
**might [1]** 21/4
**mind [2]** 23/13 23/16
**minimum [2]** 14/2 29/20
**minors [1]** 10/7
**minute [1]** 29/1
**minutes [1]** 28/24
**missing [5]** 10/18 11/12 11/13 18/9 29/25
**MO [2]** 1/4 3/5
**moderation [2]** 16/18 27/5
**money [4]** 11/2 11/3 12/10 12/21
**more [9]** 4/24 7/4 13/19 19/7 19/11 25/3 25/19 27/2 30/5
**morning [2]** 3/16 29/2
**MOSMAN [1]** 1/16
**most [2]** 4/21 17/3
**mother [1]** 24/13
**motion [16]** 4/4 4/15 5/4 5/12 5/22 6/1 6/2 6/10 6/24 7/8 7/10 19/5 22/17 22/22 27/17 28/4
**move [2]** 20/24 29/14
**moving [1]** 5/15
**Mr [1]** 2/13
**Mr. [4]** 9/25 12/1 12/17 18/23
**Mr. Fordyce [4]** 9/25 12/1 12/17 18/23
**Ms [5]** 2/4 2/4 2/8 2/12 2/12
**Ms. [1]** 5/18
**Ms. Gunning [1]** 5/18
**much [6]** 6/5 9/8 19/9 25/3 25/4 28/3
**must [2]** 7/23 19/4
**my [12]** 3/23 4/20 4/20 5/1 5/4 5/11 5/14 5/16 20/19 22/12 23/16 25/14

**N**

**name [7]** 3/7 8/22 12/10 12/14 12/22 12/22 12/23
**names [2]** 12/8 12/19
**Naomi [2]** 2/4 3/12
**necessary [3]** 5/10 12/15 12/18
**need [9]** 6/19 22/21 22/22 24/5 28/7 28/15 28/18 28/20 29/17
**negligence [15]** 14/4 14/16 15/1 15/4 15/10 15/13 15/17 15/19 16/2 16/11 16/17 16/18 16/21 25/22 25/22

**negligent [3]** 16/17 16/22 23/1
**new [6]** 14/4 14/15 15/1 15/4 15/9 16/2
**news [5]** 24/8 24/11 24/16 24/19 24/20
**Ninth [4]** 4/17 5/21 7/11 11/22
**no [17]** 1/4 3/5 8/19 10/15 10/19 10/19 11/1 12/16 13/1 14/8 14/15 14/19 19/13 25/7 26/6 30/8 30/10
**not [51]**
**nothing [2]** 9/24 11/21
**now [6]** 11/22 15/9 25/21 28/21 29/2 29/7
**NY [1]** 2/6

**O**

**o0o [1]** 31/2
**objects [1]** 25/11
**obscure [1]** 6/8
**obvious [3]** 6/25 19/25 20/2
**obviously [2]** 7/8 28/18
**occurred [3]** 18/24 19/2 19/23
**October [1]** 24/12
**October 21st [1]** 24/12
**off [3]** 8/10 12/21 13/10
**offender [1]** 26/20
**offered [1]** 8/17
**offhand [2]** 23/23 24/16
**Official [1]** 31/11
**oh [1]** 22/16
**OK [1]** 24/12
**okay [5]** 15/24 23/5 23/12 24/6 27/18
**Oklahoma [1]** 24/21
**olds [1]** 21/17
**Omegle [31]** 3/18 5/25 6/7 8/8 9/6 14/20 14/21 17/10 18/23 18/24 19/21 20/6 20/8 20/15 20/15 21/5 21/17 22/23 23/2 23/11 24/7 24/9 24/14 25/2 25/24 25/25 25/25 26/1 27/3 27/3 27/12
**Omegle's [5]** 5/20 5/24 21/10 25/1 27/8
**OMEGLE.COM [2]** 1/6 3/6
**once [5]** 4/12 4/24 7/6 25/23 26/4
**one [26]** 4/4 4/10 4/20 6/8 6/8 12/4 15/4 15/8 15/11 15/20 15/20 16/5 16/25 17/1 17/4 18/17 18/20 21/20 23/2 23/16 23/19 24/12 26/12 26/13 27/20 30/4
**online [2]** 24/13 27/4
**only [4]** 10/13 21/5 22/8 29/25
**opening [1]** 12/2
**operational [1]** 26/2
**operations [4]** 20/8 21/12 23/10 25/25
**opinion [1]** 28/17
**opponent [1]** 18/13
**opportunities [1]** 4/23
**opportunity [5]** 5/9 5/25 26/11
**opposed [3]** 10/11 12/2 17/24
**oral [2]** 1/14 3/5
**ord.uscourts.gov [1]** 2/20
**order [3]** 19/16 29/1 29/22
**OREGON [5]** 1/2 1/7 14/10 14/12 17/12
**original [2]** 6/10 31/6
**ostrich [1]** 18/15
**other [4]** 16/8 18/5 25/6 26/12
**others [2]** 8/4 28/11
**otherwise [1]** 10/5
**ought [1]** 6/24
**our [6]** 6/10 8/6 8/11 20/8 25/9 25/10

**25/13 25/17 25/20 25/22 26/3 27/14
**out [12]** 4/8 8/3 12/21 18/15 19/21 22/15 24/5 27/10 28/8 28/20 29/1 29/7
**outstanding [1]** 28/8
**overall [1]** 13/9
**overcome [1]** 13/16
**own [5]** 5/3 5/11 7/21 7/24 25/25

**P**

**p.m [2]** 3/2 30/13
**paragraph [4]** 23/20 24/6 24/23 24/25
**paragraphs [1]** 22/24
**parallel [1]** 25/23
**parameters [1]** 12/5
**part [1]** 16/10
**participated [1]** 11/24
**participates [1]** 10/6
**participating [1]** 12/6
**participation [11]** 8/15 10/12 10/13 10/21 11/1 11/1 11/3 11/7 11/8 26/21 27/10
**particular [7]** 7/2 12/11 12/13 12/17 13/13 13/13 24/19
**party [4]** 5/16 5/16 9/14 25/24
**passed [1]** 27/23
**pattern [1]** 20/6
**PC [1]** 2/8
**people [4]** 8/18 21/13 23/11 26/19
**perform [1]** 25/10
**perhaps [1]** 19/1
**period [1]** 29/12
**perpetrator [4]** 12/20 12/22 12/23 13/13
**perpetrators [1]** 13/12
**person [1]** 13/6
**phone [1]** 29/17
**physical [2]** 25/8 25/8
**Piazza [2]** 18/18 19/5
**pick [2]** 15/8 15/11
**picking [2]** 6/25 7/7
**piece [2]** 24/17 27/23
**pieces [1]** 29/16
**plaintiff [26]** 1/4 2/4 3/8 3/10 3/12 3/13 3/14 4/2 6/3 6/6 7/13 7/20 11/10 11/14 11/25 12/4 15/3 15/7 15/11 15/12 16/5 17/4 23/1 24/7 29/8 30/7
**plaintiffs [1]** 29/5
**plaintiffs' [1]** 22/11
**plan [5]** 21/19 28/20 29/4 29/14 29/15
**platform [7]** 21/12 23/1 23/14 23/18 27/2 27/11 27/12
**platform's [2]** 20/14 21/21
**played [1]** 8/3
**plead [8]** 4/24 8/6 20/19 20/21 20/23 21/1 21/6 22/24
**pleaded [1]** 25/22
**pleader [1]** 18/6
**pleading [6]** 9/22 14/17 14/23 14/23 18/18 19/6
**pleads [1]** 25/9
**please [2]** 3/7 25/2
**pled [9]** 16/8 16/12 16/14 16/21 16/22 18/13 21/1 22/19 22/20
**PLLC [2]** 2/5 2/13
**point [6]** 10/1 15/18 17/3 17/18 18/9 24/4

**P**

**pointing** [1]  27/22
**points** [1]  25/6
**policy** [1]  26/16
**population** [1]  8/20
**pornography** [1]  9/4
**portion** [1]  9/18
**Portland** [3]  1/7 2/9 2/19
**position** [2]  5/20 13/7
**possibly** [1]  23/24
**postdate** [1]  21/2
**postdated** [1]  20/7
**posting** [1]  28/24
**posture** [2]  4/10 4/11
**practice** [1]  20/6
**pragmatically** [1]  13/25
**predate** [1]  20/4
**predates** [1]  22/2
**predation** [2]  21/11 27/8
**predator** [1]  24/7
**predators** [2]  21/13 25/1
**prefer** [2]  29/8 30/3
**preference** [1]  14/6
**prejudice** [2]  4/25 7/14
**prejudiced** [1]  6/11
**prejudicial** [1]  6/13
**present** [2]  12/24 12/25
**presented** [1]  21/15
**pretrial** [2]  29/22 29/25
**pretty** [1]  4/5
**prevent** [1]  23/3
**primary** [1]  27/8
**prior** [4]  20/16 21/8 24/7 26/4
**private** [1]  16/4
**probably** [1]  13/25
**problem** [2]  4/7 11/6
**procedural** [4]  4/2 5/21 6/21 28/4
**proceedings** [3]  1/15 30/13 31/5
**produce** [1]  29/3
**product** [14]  6/8 8/17 9/1 9/1 15/6 15/7
15/13 15/14 15/21 16/20 21/16 24/2
25/23 26/1
**professionally** [1]  6/23
**profit** [1]  13/10
**profiting** [2]  12/7 12/9
**proposed** [2]  29/3 29/13
**proposition** [1]  4/3
**propound** [1]  28/11
**protected** [6]  14/13 14/18 14/20 14/21
15/19 25/16
**provides** [2]  7/25 8/1
**proving** [1]  7/20
**public** [1]  24/8
**publication** [1]  21/2
**publicly** [1]  27/5
**published** [2]  24/8 27/5
**publisher** [2]  16/19 26/6
**punt** [1]  4/7
**punts** [1]  4/9
**purpose** [2]  5/23 6/4
**purposes** [2]  18/17 19/4
**put** [1]  22/23
**putting** [1]  21/14

**Q**

**question** [8]  6/22 14/9 17/18 20/20
20/21 20/25 22/7 22/20
**questions** [3]  4/11 13/21 19/12
**quite** [1]  4/8

**R**

**raised** [3]  4/5 4/6 14/5
**raises** [2]  4/2 7/2
**raising** [1]  4/4
**randomly** [1]  8/18
**rarely** [1]  22/8
**rather** [2]  7/21 9/2
**rea** [3]  4/19 4/19 9/18
**read** [1]  23/7
**reading** [2]  5/25 25/14
**real** [5]  11/6 17/11 17/24 17/25 18/1
**really** [4]  10/25 21/11 26/10 27/2
**reason** [1]  20/22
**reasonable** [4]  17/10 18/11 23/3 29/15
**reasonably** [1]  17/6
**receipt** [1]  10/20
**received** [1]  10/8
**receiving** [2]  10/11 10/17
**recent** [3]  4/17 4/21 17/4
**recess** [2]  30/11 30/12
**recitation** [5]  9/19 10/11 11/10 11/12
11/13
**record** [2]  3/7 31/5
**Reddit** [16]  4/18 4/22 7/12 7/12 7/18 8/3
8/7 9/13 9/20 9/21 11/12 11/21 27/3 27/4
27/6 27/25
**references** [1]  15/10
**refers** [1]  13/5
**regard** [1]  25/14
**regarding** [2]  18/12 26/12
**regards** [1]  22/5
**registration** [1]  8/22
**relating** [1]  6/1
**relevant** [1]  27/23
**relief** [1]  5/3
**relitigate** [1]  6/15
**rely** [1]  23/25
**reminder** [1]  22/21
**remove** [2]  9/1 9/2
**removed** [1]  8/21
**repeated** [2]  15/10 25/10
**report** [1]  29/22
**REPORTER** [2]  2/18 31/11
**represents** [1]  17/17
**Republic** [1]  12/22 14/14
**requests** [1]  28/8
**required** [1]  13/16
**requirement** [1]  9/22
**requires** [1]  9/13
**research** [1]  20/5
**resolve** [2]  14/1 29/23
**resolving** [1]  4/11
**respect** [8]  5/21 14/4 14/10 14/15 14/17
14/22 14/25 18/11
**response** [4]  9/9 14/3 18/16 26/17
**responsible** [1]  9/6
**result** [1]  14/14
**resulted** [1]  7/22
**results** [1]  22/9

**revenue** [1]  8/10
**reward** [1]  7/6
**rife** [1]  10/6
**right** [13]  6/5 11/4 16/24 17/19 19/9
19/24 21/20 23/5 24/22 27/17 28/3 28/20
29/7
**rise** [1]  30/12
**risk** [1]  22/25
**risks** [1]  12/4
**RMR** [2]  2/18 31/10
**Room** [1]  2/19
**rooms** [1]  21/14
**rule** [11]  4/2 4/9 4/13 4/14 6/1 7/5 14/10
14/11 14/16 14/24 15/21
**rules** [2]  4/13 5/24
**ruling** [2]  26/4 28/16
**run** [1]  10/23
**runs** [1]  7/13

**S**

**S.W** [2]  2/9 2/19
**safety** [1]  8/21
**said** [13]  6/17 7/11 7/18 7/23 8/20 9/17
10/2 11/17 11/18 16/25 22/7 22/14 25/1
**same** [1]  15/18
**satisfactory** [1]  10/5
**satisfied** [2]  13/24 14/11
**satisfies** [1]  11/21
**satisfy** [5]  9/13 9/15 13/15 13/24 14/16
**saw** [2]  5/20 8/7
**say** [13]  4/7 7/1 11/17 12/2 13/19 17/23
21/16 21/23 22/15 22/16 26/10 26/12
29/23
**saying** [6]  4/13 8/8 15/22 16/6 20/25
29/5
**says** [3]  23/6 24/13 24/25
**Scalia** [1]  4/12
**scenario** [1]  17/21
**schedule** [1]  28/17
**schedules** [1]  30/6
**School** [1]  17/5
**screening** [1]  16/18
**Seattle** [1]  2/14
**second** [3]  8/3 14/17 26/13
**section** [9]  13/16 15/2 16/7 16/9 16/11
23/10 25/21 26/9 28/1
**see** [2]  26/7 29/14
**seeking** [1]  8/6
**seemed** [1]  6/15
**seems** [2]  4/5 5/7
**SENIOR** [1]  1/17
**sentence** [1]  25/1
**separate** [3]  8/14 27/9 27/10
**separated** [1]  8/20
**series** [1]  24/8
**serious** [1]  22/22
**seriously** [1]  23/16
**service** [8]  6/8 9/6 15/6 15/13 15/20
16/7 16/13 26/1
**set** [5]  6/14 9/13 13/9 17/19 23/14
**sets** [2]  4/18 12/5
**sex** [7]  8/2 8/5 8/11 8/15 10/6 12/7 13/9
**sexual** [6]  9/4 25/8 25/9 25/10 25/12
27/13
**sexually** [2]  24/13 25/18

**S**

**she [2]** 15/12 24/13
**should [9]** 13/25 16/10 22/8 22/10 22/17 22/18 23/15 29/20 30/1
**show [6]** 11/10 19/19 19/22 19/23 20/3 21/6
**showing [1]** 18/7
**shumway [4]** 2/18 2/20 31/9 31/10
**signature [2]** 31/7 31/7
**signing [1]** 31/4
**similar [1]** 5/6
**simple [1]** 4/3
**simply [1]** 17/17
**since [5]** 5/5 5/8 5/10 14/1 20/9
**sit [1]** 29/7
**sits [1]** 4/14
**situation [2]** 18/3 26/17
**situations [3]** 8/1 15/16 23/4
**six [1]** 3/25
**Sixty [1]** 24/24
**Sixty-four [1]** 24/24
**skin [1]** 27/7
**so [40]**
**so-called [1]** 14/10
**social [2]** 8/21 8/22
**society [2]** 25/13 25/20
**some [7]** 17/19 18/8 19/1 26/19 27/16 27/22 29/4
**somebody [1]** 21/15
**somehow [2]** 18/4 20/15
**something [7]** 6/23 10/3 10/10 20/12 25/16 28/15 29/6
**soon [1]** 29/12
**sort [6]** 4/19 5/16 7/1 17/18 19/20 26/19
**sorts [2]** 16/12 27/7
**sought [1]** 8/19
**South [1]** 2/14
**speaking [1]** 13/25
**special [1]** 18/8
**specific [7]** 9/22 9/24 11/24 11/25 15/9 19/7 24/9
**specifically [5]** 7/12 10/21 11/14 17/13 17/14
**specifics [1]** 26/22
**squarely [1]** 23/5
**Stacia [2]** 2/12 3/19
**stage [1]** 27/17
**standard [16]** 4/19 4/19 4/22 5/21 11/22 11/22 11/23 13/15 13/24 14/23 17/10 17/19 18/4 18/7 18/8 18/11
**standards [1]** 9/13
**Standing [1]** 5/3
**start [2]** 3/23 5/14
**starting [1]** 24/25
**state [2]** 3/7 14/24
**stated [2]** 10/2 14/12
**states [5]** 1/1 1/17 2/18 5/2 22/13
**stating [1]** 23/7
**station [1]** 24/20
**statute [2]** 13/5 15/19
**statutory [1]** 15/16
**stayed [1]** 28/16
**step [1]** 22/22
**still [1]** 5/25
**strangers [2]** 8/25 23/11

**streaming [2]** 8/20 21/17
**Street [2]** 2/5 2/9
**structure [3]** 20/14 21/21 23/18
**studies [3]** 20/6 21/2 21/4
**stuff [1]** 18/16
**subsequent [5]** 5/22 19/25
**substantive [1]** 4/1
**successive [1]** 4/4
**such [2]** 4/15 22/9
**suffered [1]** 25/9
**suggest [3]** 28/22 29/21 30/2
**suggested [1]** 13/23
**suggesting [3]** 6/23 21/3 28/19
**suing [4]** 25/24 25/25 26/1 26/25
**Suite [2]** 2/9 2/14
**summary [4]** 4/10 29/20 29/23 30/4
**supporting [1]** 26/24
**sure [4]** 17/16 20/19 22/1 23/19
**survives [1]** 5/4
**systemically [2]** 7/2 7/5

**T**

**take [6]** 5/10 5/11 19/15 23/2 28/5 29/20
**taking [1]** 23/15
**talk [10]** 8/25 10/24 19/17 23/10 23/10 23/11 25/5 26/15 27/6 29/17
**talking [5]** 10/25 25/18 26/6 27/9 27/14
**talks [2]** 28/1 28/2
**targeted [1]** 24/7
**teacher [1]** 17/7
**teen [1]** 24/13
**telephone [1]** 29/19
**television [1]** 24/17
**tell [4]** 10/3 22/23 27/19 27/23
**telling [1]** 10/24
**temptation [1]** 4/7
**tentative [5]** 3/23 4/20 5/11 5/14 5/16
**terms [3]** 8/9 9/6 18/21
**terrible [2]** 18/22 21/7
**testified [2]** 21/10 21/24
**testify [1]** 21/24
**testimony [3]** 22/1 23/19 23/21
**than [9]** 4/24 7/21 9/2 16/23 17/10 18/5 19/5 25/3 27/3
**thank [17]** 3/15 3/22 5/19 6/5 6/19 9/8 9/10 13/17 13/22 16/24 19/9 19/13 19/15 25/4 28/3 30/10 30/11
**that [164]**
**that's [21]** 4/8 7/5 10/7 13/20 15/18 15/18 16/25 17/1 19/25 20/2 20/24 21/20 23/21 23/24 24/4 24/19 24/22 26/7 26/10 29/15 30/5
**their [12]** 6/10 8/12 8/12 8/17 8/20 8/24 8/25 9/1 9/6 21/2 21/16 26/20
**them [8]** 4/16 5/2 8/10 12/21 17/1 21/5 21/13 21/14
**then [17]** 5/7 8/3 9/18 10/7 11/1 11/3 14/11 15/14 20/23 21/2 24/12 24/25 29/4 29/11 29/24 29/25 30/4
**there [28]** 3/25 3/25 4/13 9/23 10/10 11/2 12/21 13/11 14/5 14/15 14/17 14/18 14/20 15/10 15/12 15/15 15/17 17/12 18/9 18/10 18/15 19/21 23/7 23/25 25/5 25/19 27/2 29/16
**there's [14]** 4/23 6/23 9/21 10/19 10/19

11/1 12/16 12/20 13/1 13/2 17/12 18/14 24/12 28/1
**these [4]** 4/6 16/18 19/16 21/7
**they [20]** 6/10 8/10 8/17 8/18 8/19 8/20 8/21 8/23 8/24 8/25 9/1 9/3 9/5 16/3 16/16 19/1 19/23 25/17 26/2 26/16
**they're [3]** 15/20 20/23 29/23
**thing [4]** 18/17 23/12 26/12 29/25
**things [12]** 7/6 12/3 16/12 18/20 18/22 18/25 19/21 20/13 21/7 23/24 27/7 29/4
**think [11]** 4/14 5/4 6/20 6/24 6/25 7/5 16/20 18/19 21/16 23/19 29/17
**third [4]** 2/19 17/2 23/25 25/24
**this [37]**
**those [13]** 5/14 6/1 14/7 15/8 15/12 15/14 16/21 17/8 19/4 19/22 21/4 28/7 29/2
**thought [2]** 3/23 17/24
**three [2]** 14/5 16/25
**through [19]** 3/25 4/15 5/7 5/8 5/11 5/15 6/2 6/20 7/10 7/12 14/1 14/2 15/5 16/6 26/19 28/5 29/20 29/24 30/3
**thrown [1]** 13/25
**Thursday [1]** 27/14
**ticks [1]** 29/2
**tied [3]** 5/5 5/6 11/14
**ties [1]** 10/20
**time [3]** 5/10 6/9 18/21
**tips [1]** 27/6
**today [3]** 20/23 29/1 30/7
**told [2]** 12/16 27/14
**tolerated [1]** 25/13
**tomorrow [2]** 29/2 29/12
**too [1]** 17/25
**tough [1]** 27/20
**track [1]** 9/3
**traditional [2]** 16/19 26/7
**traditionally [1]** 26/8
**traffic [1]** 26/18
**trafficked [1]** 26/19
**trafficking [11]** 8/1 8/2 8/5 8/9 8/11 8/13 8/15 10/6 26/12 26/17 26/24
**training [1]** 27/7
**transcript [3]** 1/15 31/5 31/6
**transpired [1]** 6/11
**treat [1]** 26/5
**trial [3]** 30/1 30/2 30/4
**tried [1]** 9/5
**triggers [2]** 20/12 24/1
**true [3]** 10/7 19/4 20/24
**trying [3]** 10/1 10/22 15/3
**turn [6]** 5/15 13/23 16/2 16/3 19/14 25/21
**turning [1]** 11/11
**turns [1]** 4/8
**twice [1]** 7/6
**two [4]** 7/25 23/7 23/24
**Twombly [3]** 23/6
**type [2]** 8/3 14/23
**types [1]** 7/25
**typical [1]** 8/21
**typically [2]** 5/15 29/21

**U**

**unaware [1]** 12/8

**U**

**unclear [1]** 11/18
**under [8]** 9/20 9/21 13/16 16/7 16/9
25/11 26/6 28/5
**underlying [1]** 21/3
**understand [5]** 10/22 11/18 15/15 17/16
17/20
**understood [1]** 18/6
**unforeseeability [1]** 22/7
**unfortunate [1]** 18/22
**UNITED [3]** 1/1 1/17 2/18
**unknown [1]** 6/9
**unless [4]** 13/20 19/11 20/14 20/25
**unmoderated [1]** 8/21
**unreasonably [1]** 27/12
**untraceable [1]** 8/24
**unusual [1]** 22/9
**up [15]** 5/5 5/6 5/10 5/11 6/25 7/7 8/18
12/5 13/9 14/1 17/19 19/7 21/13 23/14
29/20
**us [6]** 6/14 17/20 17/21 20/2 27/14
29/20
**use [3]** 25/2 27/8 27/11
**used [1]** 26/18
**useful [1]** 17/17
**user's [2]** 7/21 7/24
**users [4]** 8/9 8/23 8/24 8/25

**V**

**valid [1]** 6/21
**Venkat [2]** 2/13 3/20
**venture [13]** 8/3 8/16 9/22 9/23 9/25
10/5 10/12 10/14 12/1 13/6 26/21 27/1
27/10
**verification [2]** 8/22 8/23
**versus [1]** 3/5
**very [13]** 5/6 5/12 6/5 9/8 9/11 9/24 13/6
14/22 19/9 21/18 21/21 25/4 28/3
**victim [8]** 12/8 12/11 12/14 12/18 12/19
12/23 12/24 13/13
**victims [1]** 13/11
**victory [1]** 7/7
**video [3]** 8/20 21/14 21/18
**view [6]** 4/20 4/20 5/1 5/4 5/11 5/12
**viewed [1]** 12/6
**views [2]** 3/23 5/14
**violated [2]** 14/20 14/21
**violation [4]** 7/22 7/23 14/12 14/14
**virtual [2]** 18/2 18/8
**virtue [4]** 12/5 15/20 19/20 20/13
**vis [2]** 25/22 25/22
**Vogt [1]** 2/8

**W**

**WA [1]** 2/14
**wait [1]** 6/12
**want [8]** 6/17 11/6 11/16 23/25 27/16
29/5 29/6 29/14
**wanted [4]** 17/1 21/15 25/6 26/15
**wants [2]** 12/21 25/25
**warn [1]** 24/8
**wary [1]** 6/25
**was [26]** 4/12 5/23 6/25 9/6 11/18 12/4
13/10 13/11 15/22 17/6 17/25 20/9 23/1
23/2 24/11 24/13 24/16 24/17 24/21 25/8

25/10 26/9 26/16 26/18 26/22 28/2
**wasn't [1]** 13/8
**way [5]** 10/3 16/14 23/13 26/20 30/3
**ways [1]** 15/4
**we [32]**
**we'll [2]** 29/17 30/11
**we're [14]** 6/17 8/8 16/7 16/7 20/22
22/19 22/20 23/5 25/18 25/24 25/24 26/1
26/25 27/9
**We've [1]** 6/13
**weak [1]** 10/3
**website [8]** 8/2 8/4 8/9 8/15 12/3 12/6
13/9 24/18
**website's [2]** 7/21 7/24
**well [12]** 4/7 8/17 8/18 10/19 12/1 18/17
20/2 21/9 22/5 22/18 23/9 24/6
**were [11]** 6/2 9/17 10/2 10/2 13/11
13/11 17/9 19/6 21/7 25/6 27/14
**West [8]** 17/5 17/11 17/17 17/23 18/3
18/5 18/19 22/6
**what [25]** 4/8 4/18 7/5 8/14 9/18 11/10
11/18 15/22 17/14 17/18 17/20 17/20
17/24 18/13 18/16 20/15 21/6 22/23 23/8
24/20 27/10 27/19 27/21 29/17 30/2
**what's [6]** 10/16 10/18 11/9 11/12 11/13
14/2
**when [14]** 4/9 5/7 7/6 10/23 11/17 14/23
20/9 21/24 22/9 24/7 26/16 27/9 27/14
27/19
**where [11]** 8/1 8/4 15/16 15/18 15/18
17/5 19/5 21/10 24/15 26/17 27/4
**whether [11]** 5/2 5/22 6/7 7/19 14/9
22/13 22/19 25/16 25/25 26/21 26/24
**which [19]** 4/3 4/10 8/3 8/6 9/13 10/5
12/24 14/6 14/12 16/12 17/4 19/22 21/12
21/23 23/6 24/6 26/3 26/8 29/8
**whichever [1]** 30/5
**who [3]** 9/7 17/7 26/19
**whole [1]** 28/1
**whom [1]** 5/16
**why [6]** 15/11 15/14 15/21 16/10 27/23
29/17
**will [8]** 5/15 5/17 9/7 25/21 28/15 28/18
29/1 29/24
**win [2]** 20/24 22/15
**wish [2]** 7/15 13/18
**without [2]** 12/19 31/6
**workable [1]** 30/6
**works [1]** 23/20
**world [5]** 17/11 17/24 17/25 18/1 18/2
**would [20]** 4/15 4/24 6/9 7/1 12/17 13/2
13/4 13/14 17/3 17/7 18/7 18/15 18/25
21/16 23/1 26/11 29/21 29/25 29/25 30/3
**wouldn't [1]** 15/21
**written [2]** 28/17 28/23
**wrong [4]** 9/19 10/10 10/16 11/9

**Y**

**yeah [1]** 22/18
**year [1]** 21/17
**years [1]** 6/11
**yes [15]** 7/16 7/23 11/8 12/1 13/15 14/9
17/2 17/22 19/3 25/7 27/25 28/12 28/13
28/14 28/25
**you [115]**

**you'd [6]** 14/7 15/16 19/21 19/22 19/23
20/24
**you're [8]** 10/24 10/25 16/12 21/3 21/16
23/19 27/22 29/18
**you've [3]** 22/18 22/20 23/7
**your [63]**