**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| A.M., an individual, | Case No. 3:21-cv-01674-MO |
| Plaintiff, | |
| | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| OMEGLE.COM LLC, | |
| Defendant. | |

**INTRODUCTION AND STATEMENT OF GOOD CAUSE**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential and/or proprietary information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.

This action concerns allegations of a sexual nature involving someone who was a minor at the time of the conduct at issue. This action also currently concerns advertising and revenue information of a sensitive and proprietary nature. The parties thus expect to exchange documents and information relating to plaintiff's health information; defendant's proprietary and confidential business or financial information; information regarding development of the Omegle chat service and code; and information related to ongoing law enforcement investigations. These documents may also include information potentially implicating privacy rights of third parties or information otherwise generally unavailable to the public, or which may be privileged or

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information. Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding. For purposes of this Protective Order, the following definitions of "Confidential" and "Attorneys' Eyes Only" shall apply:

A.    "Confidential" information or documents is defined as information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and Local Rule 26-4, and as specified above in the Introduction and Statement of Good Cause.

B.    "Attorneys' Eyes Only" is defined as information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and Local Rule 26-4, and as specified above in the Introduction and Statement of Good Cause , and that the party designating the information or tangible things as "Attorneys' Eyes Only" believes will severely prejudice or injure the producing party's business or result in a competitive advantage or disadvantage if disclosed in this action.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information copied, extracted, excerpted or derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party or their counsel for any business, commercial, advertising, or competitive purpose, or for the investigation or prosecution of any other action, demand, or legal proceeding. This includes postings on the Internet or social media. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific

STIPULATED PROTECTIVE ORDER          2

information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. Where practical, the producing party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal, as set forth in Local Rule 5-1(e) and Local Rule 26-4(c), and marked as follows or in substantially similar form:

> CONFIDENTIAL IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

> Or

> ATTORNEYS' EYES ONLY IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself been designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall

STIPULATED PROTECTIVE ORDER          3

unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included or quoted in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

> a. Counsel for the parties and the administrative staff for counsel.
>
> b. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.
>
> c. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

STIPULATED PROTECTIVE ORDER          4

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

e. The authors and the original recipients of the documents.

f. Any court reporter or videographer reporting a deposition.

g. Employees of copy services, microfilming or database services, trial support firms, firms providing services involving organizing, storing, or retrieving data in any form or medium, and/or translators who are engaged by the parties during the litigation of this action.

h. A party or third party that produces documents, testimony, written responses, or other materials produced in this case.

i. A mediator or other third-party neutral agreed upon by the parties.

j. Deponents, witnesses, and their counsel.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7 (c), 7(d), 7(f), 7(g), and 7(j) unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(b), 7(c), 7(h), or 7(j) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any

documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure. When a producing party gives notice to a receiving party that certain inadvertently produce material is subject to a claim of privilege or other production, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in this stipulated protective order.

STIPULATED PROTECTIVE ORDER          6

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential, proprietary or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14. If a party is served with a subpoena or a court order issued in other litigation or legal proceeding that compels disclosure of any documents or information designated in this litigation as "Confidential" or "Attorneys' Eyes Only," that party must:

> a. promptly notify the producing party in writing. Such written notification shall include a copy of the subpoena or court order;
>
> b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or legal proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and
>
> c. cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose "Confidential" or "Attorneys' Eyes Only" documents or information may be affected.

If the producing party timely seeks a protective order, the party served with the subpoena or court order shall not produce any documents or information designated in this litigation as "Confidential" or "Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the party has obtained the producing party's permission. The producing party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this litigation to disobey a lawful directive from another court.

14. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person

STIPULATED PROTECTIVE ORDER          7

authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents, including electronically stored information, subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. In the event a Party or counsel comes across material that is illegal to possess or transmit, under no circumstances shall that party/counsel transmit said material to opposing counsel. However, a detailed record describing said material must be turned over and the possessing party must seek the Court's involvement for how to move forward.

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:


SNELL & WILMER, LLP


By: s/ Clifford S. Davidson
       Clifford S. Davidson, OSB #125378
       Lea K. Schneider, OSB # 145154
       1455 SW Broadway, Suite 1750
       Portland, Oregon 97201
       Telephone: (503) 624-6800
       csdavidson@swlaw.com
       lschneider@swlaw.com

*Attorneys for Defendant Omegle.com LLC*



By: s/ Barbara C. Long
       Barbara C. Long, OSB No. 122428
       barb@vogtlong.com

       and

       Carrie Goldberg (*pro hac vice*)
       carrie@cagoldberglaw.com
       Naomi Leeds (*pro hac vice*)
       naomi@cagoldberglaw.com
       C.A. GOLDBERG PLLC
       16 Court Street 33rd Floor
       Brooklyn, NY 11241
       T: (646) 666-8908

*Attorneys for Plaintiff*

STIPULATED PROTECTIVE ORDER          9

## ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action. It is further ordered that pursuant to FED. R. EVID. 502(d), the production of any documents in this litigation shall not, for purposes of this litigation or any other federal, state, or regulatory proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED.**

DATED: 2/17/23

MICHAEL W. MOSMAN
Senior United States District Judge

STIPULATED PROTECTIVE ORDER          10