Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Lea K. Schneider, OSB No. 145154
lschneider@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Defendant Omegle.com LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

A.M., an individual,

                Plaintiff,

vs.

OMEGLE.COM LLC,

                Defendant.

Case No. 3:21-CV-01674-MO

ANSWER AND AFFIRMATIVE DEFENSES

Defendant Omegle.com LLC answers plaintiff's Second Amended Complaint as follows:

1.      Defendant admits that this is a lawsuit. Defendant otherwise denies the allegations of paragraph 1.

2.      Defendant admits that some Omegle users choose to be connected at random with other Omegle users. Defendant admits that "Talk to Strangers!" is an Omegle tagline. Except as expressly admitted, Defendant denies the allegations of paragraph 2.

3.      Defendant admits that when two people who did not previously know each other are matched for a video meeting, and both people have their cameras on, then video depicting one user appears on the screen of the other. Except as expressly admitted, Defendant denies the allegations of paragraph 3.

4.      Denied.

5.      Omegle lacks information or belief sufficient to respond to the first sentence of paragraph 5 and on that basis denies it. Omegle relies on users to honestly indicate that they are over age 18 in order to use Omegle. Omegle admits that it does not require proof or documentation of age as a condition of use, and further avers that neither does any of the major chat or social media platforms. Omegle admits that users cannot specify the age of those with whom they are matched. Except as expressly admitted, Defendant denies the allegations of paragraph 5.

6.      Defendant admits that, as is the case with most chat or social media sites, some users derive sexual pleasure from Omegle's contents. Defendant admits that it is aware that some users masturbate while using Omegle. The homepage speaks for itself; Defendant denies that the purported quotation in the Second Amended Complaint is the same as the words that appear on the homepage, and it appears to be a paraphrase. Except as expressly admitted, Defendant denies the allegations of paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and further avers based on public news sources that Mr. Fordyce is serving a prison term.

12.     Defendant admits that Plaintiff seeks recovery, and that the Second Amended Complaint speaks for itself.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

**RESPONSES RE PARTIES, JURISDICTION AND VENUE**

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     Admitted.

15.     Denied. The Eugene Division is the proper divisional venue for this action and is where trial should occur. LR 3-2, LR 3-3.

16.     Defendant admits that the prayer exceeds $75,000 and that the parties are not citizens of the same state. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, or that paragraph contains legal conclusions.

**RESPONSES RE FACTS**

17.     Admitted that Omegle is a free chat website. Admitted that users can be randomly paired if they wish. Admitted that the vast majority of Omegle's users are strangers to one another. Except as expressly admitted, Omegle denies the allegations of paragraph 17.

18.     Although the numbers listed in paragraph 18 vary somewhat, Omegle admits the allegations of paragraph 18 are generally accurate.

19.     Admitted that Leif K-Brooks is Omegle's Founder and sole employee. He does not generally refer to himself as "CEO."

20.     Admitted that the BBC published data about Omegle, and that the BBC data speaks for itself.

21.     Defendant denies that its anonymity feature was an innovation as there have been, and are, other anonymous chat websites. Defendant admits the second sentence, except to the extent that (a) users may specify interests, and (b) if they do, then they are matched randomly with users who indicate at least some of those same interests.

22.     Admitted that Omegle's popularity stems from its various features, and anonymity is among those features. Admitted that "Talk to strangers!" is Omegle's tagline. Except as expressly admitted, Omegle denies the allegations of paragraph 22.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

23.    Admitted that users can click a "stop" button to end a chat. Denied that pressing "stop" automatically moves a user to a new chat. Except as expressly admitted, Omegle denies the allegations of paragraph 23.

24.    Admitted that some users visit Omegle for purposes of sexual gratification. Except as expressly admitted, Omegle denies the allegations of paragraph 24.

25.    Admitted that it is possible to encounter nude users immediately. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Admitted that the Omegle homepage included the warning, "Predators have been known to use Omegle, so please be careful." Except as expressly admitted, Omegle denies the allegations of paragraph 26.

27.    Admitted that Omegle does not require registration or users' names. Admitted that Omegle does not require a potential user to prove that user's age. Except as expressly admitted, Omegle denies the allegations of paragraph 27.

28.    Omegle's homepage speaks for itself, and Plaintiff mischaracterizes it. There is a "Video" button for the moderated section, and a separate "Unmoderated section" button. Omegle otherwise denies the allegations of paragraph 28.

29.    Omegle denies that persons under the age of 18 are permitted to use the site, and avers that it explicitly tells potential users that they must be over 18. Omegle admits that it does not require any potential user to prove that user's age. The final sentence of paragraph 29 is a legal conclusion to which no response is required. Except as expressly admitted, Omegle denies the allegations of paragraph 29.

30.    Admitted that Omegle is accessible only through its website. Except as expressly admitted, Omegle denies the allegations of paragraph 30.

31.    Defendant denies that it sells user data. Admitted that Defendant sells advertisements for placement on its website. Admitted that some advertisements are for adult websites, but that ads containing adult images are not placed on the Omegle homepage. Rather,

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

the homepage contains an inoffensive text link that is clearly labeled as appropriate only for people over the age of 18, and which prompts users to confirm that they are 18 or older. This requirement has always been in place. Defendant denies that the screenshot referenced in paragraph 31 depicts an advertisement that Defendant has caused to be placed on Omegle.com or from which Omegle profits. To the extent the screenshot is authentic, it depicts an ad placed by a spam bot from which Omegle does not earn revenue and actively works to block. Except as expressly admitted, Omegle denies the allegations of paragraph 31.

32.     Denied that users under 18 are permitted to use Omegle. Denied that the purported ad pasted into the Second Amended Complaint above paragraph 32 is one that Defendant would cause to be placed in a location that could be viewed by a user who had not confirmed that they were 18 or older. As described above in paragraph 31, a user who had not certified that they were 18 years or older would, at most, see a text link with inoffensive content. Were the user to click on it, that user would be required to certify that they were at least 18 years old to proceed to a graphic advertisement. The purported heycum.com advertisement shown in the Second Amended Complaint, if authentic, was placed by a spam bot and Omegle.com did not receive revenue from its placement.

33.     The BBC article speaks for itself.

34.     The BBC article speaks for itself.

35.     Admitted that Omegle made that statement at some point, otherwise denied.

36.     Admitted, although "at all relevant times" is a legal conclusion to which no response is required.

37.     Admitted that some people have warned against using Omegle. Admitted that media have reported on Omegle. Except as expressly admitted, Omegle denies the allegations of paragraph 37.

38.     Defendant denies the first sentence. Defendant admits that it removed the warning but otherwise denies the allegations of the second sentence. Omegle denies the third sentence and avers that it uses Hive as part of its video chat moderation. Defendant further avers that it

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

makes extensive efforts to identify and block abusive users and allows other users to report abusive conduct. Defendant further avers that in 2014, it used software called SafeVChat as part of its video chat moderation (it is not the same as what one might find by Googling "SafeVChat" now). Except as expressly admitted, Omegle denies the allegations of paragraph 38.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

truth of the allegations of paragraph 50.

      51.    Admitted based on publicly available information that Fordyce pled guilty as noted. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

      52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

      53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

      54.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

      55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

      56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

      57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

      58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

      59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

      60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

      61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

      62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

      63.    The first sentence is a legal conclusion. With respect to the second sentence:

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

defendant denies that it failed to take action against predators, and denies the remainder of the sentence based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

64.    The news articles speak for themselves.

65.    Admitted as to the existence of the statement. Defendant denies the second sentence.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, although Defendant denies that an 11-year-old would not understand the requirement that she be over the age of 13 in order to use Omegle.

67.    Paragraph 67 states a legal conclusion.

68.    Denied.

69.    Admitted that the sentence "Predators have been known to use Omegle, so please be careful" was removed in approximately June 2021. Except as expressly admitted, Omegle denies the allegations of paragraph 69.

70.    Denied.

71.    Denied.

72.    Admitted that Defendant does not have a button on the chat screen to report abusive conduct, and further averred that users can report abusive conduct through other means. Admitted that Defendant does not require users to register their name or phone number. Admitted that Omegle does not have an app component that can be made available on a third-party marketplace, and further averred that app stores don't work the way Plaintiff appears to believe. Except as expressly admitted herein, Defendant denies the allegations of paragraph 72.

73.    Denied that the website is unsafely designed.

74.    The updated Privacy Policy speaks for itself, and Defendant avers that certain categories of information listed in paragraph 74—"mobile device identifiers," "browser type," and "operating system information"—are not mentioned in the updated Privacy Policy. Defendant denies that data collected from users is not used to try to stop abuse.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     Denied.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

77.     Defendant incorporates and realleges its prior responses as though set forth here in full.

78.     Admitted that Omegle has been placed into the stream of commerce, otherwise denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Paragraph 83 is a legal conclusion.

84.     Denied.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

85.     Defendant incorporates and realleges its prior responses as though set forth here in full.

86.     Admitted that Omegle has been placed into the stream of commerce, otherwise denied.

87.     Denied that there is any "failure" as alleged in paragraph 87. Defendant further avers that there are such remedies and Defendant does take action to ban abusive users. To the extent not addressed specifically, the allegations of paragraph 87 are denied.

88.     Paragraph 88 is a legal conclusion.

89.     Denied.

90.     Denied.

**REPSPONSE TO THIRD CLAIM FOR RELIEF**

91.     Defendant incorporates and realleges its prior responses as though set forth here

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

in full.

92.     Admitted that Omegle has been placed into the stream of commerce, otherwise denied to the extent a response is required.

93.     Denied.

94.     Admitted that Omegle has been placed into the stream of commerce, otherwise denied.

95.     Denied.

96.     Denied.

**RESPONSES TO FOURTH CLAIM FOR RELIEF**

97.     Defendant incorporates and realleges its prior responses as though set forth here in full.

98.     The first sentence is a legal conclusion. Defendant denies the second sentence.

99.     Defendants admits that Omegle was placed into the stream of commerce, otherwise denied.

100.    Denied.

**RESPONSES TO FIFTH CLAIM FOR RELIEF**

101.    Defendant incorporates and realleges its prior responses as though set forth here in full.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Admitted that people over the age of 18 may use Omegle. Admitted that users may be randomly matched. Admitted that "Talk to strangers!" is Omegle's tagline. Except as expressly admitted, Defendant denies the allegations of paragraph 105.

106.    Admitted.

107.    Defendant admits that it had been informed of instances of children being matched with people who subsequently exploited them. Except as expressly admitted, Defendant

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

denies the allegations of paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111.    This is a legal conclusion.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

112.    Because the Court dismissed this claim, no responses to its allegations are necessary.

## AFFIRMATIVE DEFENSES

Preface: As both parties to this lawsuit appreciate, Plaintiff's product liability theory is novel in the website context. The theory seeks to commodify a set of interactions that, in reality, aren't about tangible property or physical products. In order not to waive them, there are certain product liability affirmative defenses that we must raise. Some of them might come across as harsh, blaming, or uncaring; we don't mean them to be. We're doing the best we can to navigate uncharted territory.

## FIRST AFFIRMATIVE DEFENSE

113.    Divisional venue is improper. Plaintiffs incorrectly allege that Defendant resides in Multnomah County. Rather, to the extent Defendant resides anywhere in Oregon, it is in Marion County, which falls within the Eugene Division of this Court. Even if the judge assignment remains the same, trial should occur in Eugene. *See* LR 3-3.

## SECOND AFFIRMATIVE DEFENSE

114.    Any harm that the Plaintiff suffered was caused through the intentional acts of a third party, Mr. Fordyce, and not Defendant.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

### THIRD AFFIRMATIVE DEFENSE

115.    Without in any way minimizing the acts Mr. Fordyce was convicted of committing, the negligence of Plaintiff's parents was as much a cause, if not more of a cause, of Plaintiff's injuries than Defendant's acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

116.    Plaintiff is comparatively negligent in that she disregarded the requirements of age and parental permission when accessing Defendant's website and gave out her personal contact information to a stranger.

### FIFTH AFFIRMATIVE DEFENSE

117.    To the extent Michigan product liability law applies, Plaintiff's product liability claims are barred by the statute of limitations. Under Michigan law, Plaintiff was required to have filed this action not later than January 2021.

### SIXTH AFFIRMATIVE DEFENSE

118.    To the extent Michigan product liability law applies, Plaintiff assumed the risk of harm associated with using an online chat website not intended for children under 13.

### SEVENTH AFFIRMATIVE DEFENSE

119.    To the extent Michigan product liability law applies, Plaintiff's non-economic damages are capped by state statute, M.C.L. § 600.1483.

### EIGHTH AFFIRMATIVE DEFENSE

120.    Plaintiff misused Omegle, a website intended to allow for anonymous chats, by providing her personal contact information to a stranger—contrary to Omegle's express safety recommendation and the purpose for which Omegle was to be used.

### NINTH AFFIRMATIVE DEFENSE

121.    Omegle properly prepared, marketed, and provided proper direction and warnings that users should not disclose personal contact information, that human behavior is fundamentally uncontrollable, and that Omegle users are responsible for their own behavior such that Plaintiff was properly warned that a properly designed chat website still carries unavoidable

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

risks. *See* ORS 30.920(3).

## TENTH AFFIRMATIVE DEFENSE

122.    To the extent Plaintiff alleges injury based on collecting personal information of other girls and providing them to Mr. Fordyce or another predator, her product liability claims are barred by ORS 31.180.

## ELEVENTH AFFIRMATIVE DEFENSE

123.    To the extent Plaintiff alleges injury based on the sending of child pornography, her product liability claims are barred by ORS 31.180.

## TWELFTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims are barred by the § 230 of the Communications Decency Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution or Article 1, § 8 of the Oregon Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

126.    To the extent that the "purchase" date of Omegle.com, a free website, was more than ten years before Plaintiff filed the Complaint, Plaintiff's claims are barred by the 10-year statute of ultimate repose that applies to product liability claims pursuant to ORS 30.905.

## FIFTEENTH AFFIRMATIVE DEFENSE

127.    Applying the provisions of Public Law 115-164, commonly known as FOSTA-SESTA, in this case violates Art. 1, § 9, cl. 3 of the Federal Constitution.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800

WHEREFORE, Defendant prays for judgment as follows:

    A.  Dismissing this action with prejudice;

    B.  Awarding costs pursuant to 28 U.S.C. § 1920; and

    C.  Such other and further relief as the Court deems necessary or just.


DATED this 23rd day of February, 2023.

SNELL & WILMER L.L.P.


/s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Lea K. Schneider, OSB No. 145154
Attorneys for Defendant Omegle.com LLC


4875-7322-8623

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon  97201
503.624.6800